REGAN, Judge.
Plaintiff, Gerald LaNasa, instituted this suit against the defendants, Continental Real Estate, Inc. and its agent, Howard Wiener, endeavoring to recover the sum of $1,179.95, representing damages which plaintiff asserted he incurred as the result of defendant Wiener’s fraudulent procuration of a cancellation of an agreement whereby plaintiff would purchase improved real estate for the sum of $5,000. The written offer to purchase through Wiener was submitted by Louis Spizer; however, plaintiff alleged defendant Wiener knew plaintiff was the real purchaser and obtained the cancellation without first consulting him; as a result thereof, plaintiff lost $1,000 in profits he would have realized from a subsequent sale of the land and $179.95, *75 which was expended to improve the property.
In the alternative, plaintiff seeks to recover the sum of $500, the amount he would have been awarded in damages had the vendor breached the agreement to sell, plus the cost of improvements, or a total of $679.95.
Defendants answered and admitted that Louis Spizer executed both the agreement to purchase and the subsequent cancellation with their principal, the vendor of the property, Dave Thornton; however they denied the validity of the oral agency agreement between Spizer and the plaintiff, predicated on the principle of law that a power of attorney to purchase real estate must be in writing in order to be valid; they also denied that defendant Wiener had fraudulently procured the cancellation of the agreement to “buy and sell”.
From a judgment dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the undisputed facts involved herein were elicited subject to the defendant’s objection to the admissibility of parol evidence to prove agency in connection with a contract involving the transfer of real estate. In effect, the trial judge sustained the objection ab initio; however, he permitted plaintiff to present his case for the purpose of completing the record in the event of an appeal to this court.
In March 1958, the defendant Wiener, who was president of his company, offered Louis Spizer an opportunity to purchase a piece of improved real estate, located in 3048 Clouet Street in the City of New Orleans for $5,000. Thereafter, Spizer, uninterested in acquiring the property himself, relayed the offer to plaintiff, who previously had informed Spizer that he wished to invest in inexpensive improved real estate. Plaintiff then inspected the property and instructed Spizer to accept the offer on his behalf.
On March 31, 1958, Louis Spizer offered to purchase the property for $5,000 and the vendor, Dave J. Thornton, accepted; this is evidenced by a written agreement signed by both. The terms of the transfer were $1,300 cash and assumption of the vendor’s mortgage. The next day, Wiener, acting as the vendor’s agent, visited Spizer to collect the sum of $500 as a deposit, and for the first time, Spizer informed the defendí ant that he was acting as plaintiff’s agent',: therefore, he instructed Wiener to make the-necessary notarial arrangements to transfer-title to the plaintiff.
Defendant then contacted Jack Benjamin, an attorney and notary public, instructing him to prepare the act of sale, which would transfer title to plaintiff. In-the meantime, plaintiff installed a hot water heater in the premises he anticipated acquiring.
Shortly thereafter, the notary obtained the certificates he had ordered to complete the sale, and found inscribed thereon mortgages and liens which exceeded the purchase price. He then informed Wiener that $5,800 would be needed to satisfy the liens and pay the fees and commissions in connection with the transfer.
Plaintiff testified that defendant Wiener transmitted this information to him and he considered paying the additional $800; however, his father advised him to sue for specific performance. Wiener testified he also spoke to plaintiff’s father who ultimately instructed him to cancel the agreement to purchase and return the deposit to plaintiff. Wiener then advised him that he would have to obtain a cancellation from Spizer and remit the deposit to him since he was the party who executed the agreement to buy.
On May 8, 1958, Spizer and Dave Thornton both executed a document which can-celled the agreement to buy and sell and the deposit was returned to Spizer. It is admitted that Spizer executed the cancellation without consulting the plaintiff or his father.
*76 The property was transferred to another purchaser approximately three weeks later for a consideration of $6,000.
After hearing the testimony the trial court concluded that plaintiff’s claim was predicated on proving his interest in a contract for the purchase of real estate and, therefore, parol evidence was inadmissible. He then maintained defendant’s initial objection and dismissed plaintiff’s suit. He also expressed the opinion that he found no evidence of fraud; in fact, he was convinced that all participants in the transaction acted in good faith.
Plaintiff contends that the trial judge erred in refusing to consider parol evidence to prove defendant’s bad faith, since his action is one in tort, predicated on defendant’s fraudulent procuration of a cancellation. He insists defendant knew of the oral agency agreement between himself and Spizer, and further was informed that Spizer had no authority to cancel the agreement to purchase; and since plaintiff introduced parol evidence merely to prove defendant’s wrongful act, and not for the purpose of affecting title to realty, he argues that it is admissible.
Defendant, conversely, argues that parol evidence is inadmissible to establish a verbal agency agreement,' entered into for the purpose of either buying or selling real ■estate. In the last analysis, defendant maintains that plaintiff failed to prove fraud in connection with the transaction.
It is conceded by both litigants that powers of attorney granted to buy or sell immovable property must be evidenced in writing and that parol evidence is inadmissible to establish an oral agency agreement if that evidence would affect the title to the reál estate so transferred.[1]
Our analysis of the nature of the suit reveals that neither the pleadings nor the judgment which plaintiff prays for would affect the title to this property.
Therefore, since as we have said hereinabove, the record is complete, the only question posed for our consideration is whether the evidence adduced herein reflects that the defendant Wiener procured cancellation in a fraudulent manner. The trial judge obviously concluded that plaintiff and his father both were aware of Wiener’s intention to secure the cancellation from Spizer for, in deciding the case, he expressed the alternative opinion that all the parties involved in the transaction acted in good faith.
After a careful examination of the record we are also convinced that the trial judge’s finding of fact is correct. Both plaintiff and his father were fully informed by Wiener and finally agreed that Wiener should secure the cancellation of the agreement. Of course, defendant was aware of the fact that the plaintiff was to be the actual purchaser; however, being a prudent real estate agent, he knew that he could only procure a valid cancellation from Spizer and not from the plaintiff, since his name appeared on the written agreement to purchase. Without the cancellation of the agreement by Spizer, defendant could not reoffer the property for sale without subjecting his principal, the vendor, to a potential suit for specific performance or for damages, in which event the vendor clearly would not be allowed in defense of such a suit to establish the agency between Spizer and the plaintiff by parol evidence.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-C.C. arts. 2275, 2276, 2992 and 2997; Krupp v. Nelson, La.App., 50 So. 2d 464; Turner v. Snype, 162 La. 117, 110 So. 109.