CHASEZ, Judge.
This is a suit for a real estate commission. The plaintiff, Philip C. Treadaway, ■died during the course of these proceedings, •and Mrs. Clara Stephenson Treadaway, Testamentary Executrix of his estate, was substituted in his stead.
The facts in this case are clear. Beatrice Salvatore, the prospective purchaser, entered into an agreement to purchase real property at 6234 Pontchartrain Boulevard, New Orleans, from the vendors, Gordon, Edward and Patricia Laporte. This agreement was dated June 4, 1964 and contains the following clauses:
“This sale is conditioned upon the ability of purchaser to borrow upon this property as security the sum of $12,000.00 by a mortgage loan or loans at a rate of interest, not to exceed 6% per annum, interest and principal payable on or before 25 years in equal (monthly) installments. Should purchaser, seller or agent be unable to obtain the loan stipulated above within 30 days from acceptance hereof, this contract shall then become null and void and the agent is hereby authorized to return the purchaser’s deposit in full. Commitment by lender to make loan subject to approval of title shall constitute obtaining of loan.
* * * * * *
“Act of sale at expense of purchaser to be passed before lender’s Notary, on or prior to July 31, 1964, provided that if bona fide curative work in connection with title is required, the parties herewith agree to and do extend the time for passing of act of sale by thirty days.
* * * * * *
“The seller shall deliver to purchaser a merchantable title, and his inability to deliver such title within the time stipulated herein shall render this contract null and void, reserving unto purchaser the right to demand the return of the deposit from the holder thereof, and reserving unto agent the right to recover commission.
* * * * * *
“If this offer is accepted, seller agrees to pay the agent’s commission of SIX PERCENT which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.”
A loan for $11,682.00 was obtained by Mrs. Salvatore on July 14, 1964, which was after the 30 day period stipulated in the contract. Nevertheless, no difficulty over this delay arose between the parties, and an Act *410 of Sale was set to be passed on July 28, 1964, Edward Laporte having signed an Act of Sale beforehand as he was to be out of town. The other parties to the agreement and Lionel Treadaway, representing the Treadaway office, met on July 28, 1964 to pass the sale at the office of Mr. Babin, notary for the lending agency. There Mrs. Salvatore informed the parties of an encroachment upon the adjacent property by a garage located on the Laporte property. The 30 day extension in which to render the property merchantable was invoked, but all efforts in that direction were fruitless. Consequently, Mrs. Salvatore, by letter of her attorney dated October 6, 1964, notified Gordon Laporte that she would not take title to the property. Subsequently this suit was filed, naming the Laportes and Mrs. Salvatore as defendants, wherein the plaintiff prayed for his commission.
The Civil District Court gave judgment in favor of the plaintiff and against the Laportes, jointly and in solido, for $900.00 commission and $325.00 attorney’s fees, and dismissed the demands against Mrs. Beatrice Salvatore.
The Laportes have appealed, and their argument is pitched on the grounds that the 30 day time limit for obtaining a loan in favor of the vendee was breached, rendering the contract null and void, and that any extension of time in this regard was not in writing as required by law, since it concerned immovable property. Thus, it is argued that the vendors are not liable for the commission since the agreement was rendered null and void by the failure to timely obtain the loan.
We do not accept this argument as legally sound. We need look at no other element of the defendant’s case than his assertion that the waiver or extension of the 30 day clause in which a loan was to be procured on behalf of the purchaser must have been in writing. This is not so, for the reason that the proof of this extension is not sought as a means of establishing title or the right to title of real property, which is the reason for the parol evidence rules with regard to immovables (Civil Code Article 2275, 2276, 2440, 2462).
 Rather this evidence will merely determine the plaintiff’s right to recover upon his agreement with the parties. The-evidence as outlined above definitely indicates that the purchase agreement was considered extant between the parties even though the loan was obtained a few days, outside the 30 day time limit. The sale was-set to be passed by the parties on the 28th of July, 1964 and all was proceeding in accordance with the agreement until Mrs. Salvatore refused to take title because of the encroachment. We hold then, that there was a waiver and/or extension of the 30; day period, and that this can be recognized by the Court, even though there was no written extension, because the title was in no way put at issue as a result of the delay, and because the proof served to establish a right to the agent’s commission rather than any rights in the property. See Pesson Plumbing and Heating Company v. Hammonds, 160 So.2d 769 (La.App.1964) Hayes v. Muller, 146 So.2d 176 (La.App.1962); La Nasa v. Wiener, 127 So.2d 74 (La.App.1961). The case of Conklin v. Caffall, 189 La. 301, 179 So. 434 (1938), cited by counsel for the defendants on this-point is not pertinent as involving a suit in-which the right to enforce a contract to-transfer real estate was at issue.
The end result, then, since the contract was existent until the refusal of Mrs. Salvatore to take title by virtue of the title defect, is that the argument of the appellants, must fall. It was at this point that the sale was defeated through a fault imputable to-the vendor. According to the terms of the agreement the vendor owes the commission and therefore the judgment of the court a qua is affirmed.
The appellants are to bear the costs.
Affirmed.