SCHOTT, Judge.
On April 29, 1975, defendants signed an agreement to purchase real estate and other assets from plaintiff for $625,000. The agreement was on a standard real estate board form and provided that the act of sale was to be passed prior to July 1, 1975, and that upon acceptance of the offer by the vendor the purchasers would deposit with the vendor’s agent $10,000 cash and a demand note for $52,500. The agreement provided: “This offer remains binding and irrevocable through Monday, May 5, 1975.”
*565 On May 2, 1975, the agreement was signed by the plaintiff’s president “subject to approval by stockholders in accordance with Louisiana law.”
Plaintiff’s stockholders met on May 14 and authorized the sale, whereupon plaintiff’s agent contacted defendants and secured the promissory note dated May 16 and a check for $10,000 dated May 20. Following the check’s being deposited by the agent it was returned to him by the bank as NSF. Additional contacts were made with the defendants by the agent with the result that two additional checks for $5,000 each, dated May 30, and June 13, were given to him by defendants, but when the earlier check was deposited it was returned by the bank as NSF.
On June 25 plaintiff’s notary and attorney advised defendants in a letter that the act of sale was scheduled for June 30 in his office and on June 30 a formal proces verbal was passed by the notary reciting that in response to his letter of June 25 one of the defendants had advised him by telephone that they “would not attend the act of sale in that they had failed to obtain the necessary cash portion of the consideration for the said sale,” and declaring that the purchasers were formally placed in default with respect to the agreement they had made to purchase the property on April 29.
This suit followed for the $62,500 allegedly due on the first check and the note. From a judgment dismissing plaintiff’s suit it has taken an appeal.
At the outset it must be observed that plaintiff’s case flies in the very face of the agreement on which it is based. Defendants bound themselves under the agreement only until May 5 and plaintiff did not, and indeed was not able to, accept the offer before that date. The reason it could not is because this proposed sale was one in which all, or substantially all, of plaintiff’s assets were being sold so that the provisions of LSA-R.S. 12:121 were applicable requiring approval by two-thirds of the shareholders. Furthermore, R.S. 12:73 provides that at least ten days’ notice had to be given to the shareholders for such a meeting.
Plaintiff relies in this connection on the testimony of two of the defendants to the effect that they were aware that the agreement would require the approval of plaintiff’s shareholders, but we find nothing in this record which would support any inference that the defendants knew or even should have known that this stockholder approval could not take place before the May 5 deadline. For instance, R.S. 12:76 provides that any action can be taken by the stockholders by their written unanimous consent obviating the necessity of a meeting.
Even so, we have here a situation where plaintiff was well aware that it would require at least ten days in which to accept defendant’s offer so that when the plaintiff’s president signed the acceptance on May 2 he knew that his action could have no effect whatsoever since the agreement would expire only three days later. Furthermore, plaintiff’s knowledge of these circumstances was chargeable to its agent who took the agreement to purchase from defendants. When he did so on April 29 he was under a duty to allow a sufficient amount of time for his client, plaintiff, the corporation, to take whatever action was necessary in order to accept the agreement within the time that the agreement to purchase was to remain open. Had he inserted the expiration date as May 15 when the offer was made rather than May 5 this problem would not have developed, but instead the date inserted was completely unworkable as he and his client, plaintiff, well understood.
Plaintiff contends that when defendants gave their note and check on May 16 they ratified the agreement. In the first place defendants testified that when the checks and note were given to plaintiff’s agent they were under the impression that they were legally bound to perform under the agreement and they continued to labor under this impression until after July 1. Apparently, it was not until the suit was filed that they consulted an attorney and realized that they might not be bound. *566 Thus, the answer to plaintiff’s argument is 1) there was no binding agreement to be ratified, it having expired on May 5 by its own terms, and 2) there can be no ratification by mistake. Ratification involves an intent with knowledge as to the thing being ratified. An intention to ratify will not be inferred when it can be explained otherwise. See Williams v. Arkansas Louisiana Gas Company, 193 So.2d 78 (La.App. 2nd Cir. 1966). Defendants’ act of delivering the check to plaintiff’s agent was explained by them to the satisfaction of the trial judge on the basis that they thought they were bound when, as a matter of law, we have held that they were not under the April 29 agreement. See also, Rahier v. Rester, 11 So.2d 87 (La.App. 1st Cir. 1942).
The case of Treadaway v. Laporte, 195 So.2d 408 (La.App. 4th Cir. 1967) relied on by plaintiff is inapposite. In that case a real estate agent sought to recover his commission on the basis of a clause in the agreement to purchase and sell which provided that his commission was earned when the agreement was signed and the mortgage loan secured.
The agreement (dated June 4) provided for thirty days in which to secure the loan. Although the loan was not obtained by the purchaser until July 14 after the deadline (July 4), no problem developed until the day of the scheduled sale on July 28, three days prior to the deadline for passage of the sale. At that time the purchaser invoked an automatic thirty day extension for passage of the sale because of an encroachment discovered during title examination. The problem could not be solved and the sale fell through. The vendor, cast in judgment for the agent’s commission, contended that there was no written extension of the thirty day deadline for obtaining the loan so that the agreement expired. The court rejected the argument because this was not an action involving title but only a claim for a commission. The court held that there had been a waiver and/or an extension of the delay which, while not written, was effective as far as plaintiff’s right to his commission was concerned.
The instant case is governed by LSA-C.C. Art. 1802:
“He is bound by his proposition, and the signification of his dissent will be of no avail, if the proposition be made in terms, which evince a design to give the other party the right of concluding the contract by his assent; and if that assent be given within such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow.” (Emphasis supplied)
Defendants made a written offer which specified a deadline for acceptance. This deadline passed without an acceptance from plaintiff. No contract was confected and defendants had no further obligation in the premises.
The judgment appealed from is affirmed.
AFFIRMED.
STOULIG, J., dissents with written reasons.