380 So.2d 144 (1979)
Gerald A. WILLIAMS
v.
Tom A. ENMON.
No. 12927.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Rehearing Denied February 20, 1980.
Writ Refused April 8, 1980.
George N. Bischof, Jr., Chalmette, for plaintiff.
Ron S. Macaluso, Hammond, for defendant.
*145 Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Appellant, Gerald A. Williams, seeks review of the trial court's judgment dismissing his suit for refund of a deposit, attorney's fees, interest and cost in connection with an agreement to purchase real property belonging to Tom A. Enmon.
On March 16, 1978, Dr. Williams entered into a contract to purchase real estate from Tom Enmon. In accordance with the contract, Dr. Williams deposited 10% of the purchase price ($4,856) to be placed in escrow. The contract was conditioned upon vendee's ability to obtain financing at an interest rate not to exceed 93/4% per annum over a period of not less than 30 years. If he was unable to do so within 45 days, the agreement provided that the contract would be null and void and the agent authorized to return the deposit in full. The contract further provided that the act of sale was to be passed no later than May 1, 1978.
On March 16, 1978, Gulf Union Mortgage Company took Dr. Williams' application for a loan at an interest rate of 9½% per annum. The loan was not approved by May 1, 1978. However, without a formal extension of time, negotiations continued beyond that date. In response to a request by Mr. Enmon, Dr. Williams wrote the mortgage company on May 30, 1978 informing it that the property would be his residence. Thereafter on June 2, 1978, the loan was approved at a higher interest rate of 9.9% per annum. Dr. Williams refused to purchase the property at this higher rate of interest and subsequently requested and was refused return of his deposit.
On July 5, 1978, Dr. Williams filed suit alleging that he was entitled to return of the deposit, interest, reasonable attorney's fees and costs since the stipulated financing was unavailable and no act of sale was passed by May 1, 1978. Tom Enmon, in reconvention, alleged that Dr. Williams breached his agreement to purchase by failing to make a good faith application for the required loan.
Civil Code Article 2040 provides: "The condition is considered as fulfilled, when the fulfillment of it has been prevented by the party bound to perform it." Therefore, when fulfillment of a suspensive condition is prevented by the fault of a party, that party may not invoke the condition. Groghan v. Billingsley, 313 So.2d 255 (La.App. 4th Cir. 1975). In the present case, the contract contained a suspensive condition to the effect that the contract would become null and void and the vendee entitled to his deposit if financing was not obtained at a rate of 9¾ per annum by May 1, 1978. If that condition had not been met due to Dr. Williams' fault, then he could not contend that the contract became null and void. We find that failure to meet the deadline was not due to appellant's actions.
The evidence reveals that Dr. Williams cooperated with Gulf Union Mortgage Company and promptly provided them with requested information. The evidence supports the conclusion that the May 1st deadline was not met primarily because of the mortgage company's late request for certain information. The record reveals that the mortgage company did not immediately process the loan because of some question concerning the acceptability of the property to its investors. The first action taken to process the loan was on March 29, 1978. By letter dated April 21, 1978, the mortgage company requested certain information from appellant which information was mailed to them in an envelope postmarked April 25, 1978. The loan application was transmitted to the underwriters committee by an instrument dated May 12, 1978, and thereafter it was determined that additional information was needed. In response to the request for additional information, appellant furnished the requested information in an envelope postmarked May 30, 1978. The loan was thereafter approved on June 2, 1978, but at an increased interest rate. We therefore hold that appellant did make a good faith attempt to secure the necessary loan.
In his reasons for judgment, the trial judge stated:

*146 "The decision hasn't changed, more specifically with these particular facts involved. The letter that was mailed on May 30, 1978, by Dr. Williams, in response to a request by Mr. Enmon leads the court to believe that by agreement they had expanded the condition in the contract, and by expansion of the agreement, as in mortgage contracts, and all other written contracts that effect (sic) immovables, when both parties tacitly agree not to abide by the contracts, then that condition was as though it was not written."
Even if it is conceded, arguendo, that the time extension need not be in writing and that there was a tacit agreement to extend the time for performance, it cannot be contended, due to a total absence of evidence, that the parties agreed to increase the specified interest rate. See Treadaway v. Laporte, 195 So.2d 408 (La.App. 4th Cir. 1967) and Parker Mead, Inc. v. Cutrer, 239 So.2d 729 (La.App. 1st Cir. 1970). Without such an agreement, that suspensive condition of the contract was unfulfilled when Gulf Union Mortgage Company approved the loan at an interest rate of 9.9% per annum. In accordance with the contract, Dr. Williams then rightfully exercised the suspensive condition to declare the contract null and void. Appellant is therefore entitled to the return of the deposit paid to appellee.
Appellant's demand for attorney's fees is denied. Upon the nonfulfillment of the suspensive condition the contract, by its very terms, is null and void and no rights can flow to either party from such an agreement. Richmond v. Krushevski, 243 La. 777, 147 So.2d 212 (1962); Kansas v. Schaeffer, 299 So.2d 474 (La.App. 4th Cir. 1974), writs refused 302 So.2d 616 and 617 (La.1974).
For these reasons, the judgment of the trial court is reversed and it is ordered, adjudged and decreed that there be judgment herein in favor of Gerald A. Williams and against Tom A. Enmon in the full and true sum of $4,856 with interest thereon from date of judicial demand until paid and for all costs of these proceedings.
REVERSED AND RENDERED.