439 So.2d 537 (1983)
BONFANTI MARINE, INC.
v.
Mark CLEMENT.
No. 82 CA 1112.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Michael Clegg, Baton Rouge, for plaintiff.
Jerry Bunch, Denham Springs, for defendant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
Bonfanti Marine, Inc. (Bonfanti) filed this suit for liquidated damages for breach of a written contract of sale against Mark Clement, the purchaser of a boat, motor and trailer. The trial court rendered judgment in favor of Clement and dismissed Bonfanti's suit. This devolutive appeal followed.

FACTS
On July 9, 1981, at approximately 9:00 A.M., Mark R. Clement executed a written contract to purchase a used boat, new motor and used trailer from Bonfanti. The purchase price was $6,386.70. Clement gave Bonfanti his personal check for $1,387.00 as a deposit. The balance of $4,999.70 was to be financed. The pertinent portion of the sales contract is as follows:
In case of default by the purchaser the deposit and trade-in shall be retained by THE SELLER, as agreed liquidated damages and no refund shall be made. Any deposit made by the purchaser in connection with this agreement is not earnest *538 money. In case of default by the seller, seller shall only be liable for return of the amount deposited by the purchaser.

This contract is not valid unless signed by an officer of THE SELLER, and approved by a responsible financial institution as to any financed balance. (Emphasis added).
To finance the balance due on the purchase price, Clement signed a promissory note dated July 11, 1981, in the sum of $7,612.80 payable in 48 monthly installments of $158.60. To secure payment of the promissory note, Clement also executed a chattel mortgage dated July 11, 1981, on the boat, motor and trailer. Bonfanti is designated the mortgagee on the chattel mortgage, but did not execute it. The chattel mortgage is not signed by two witnesses and does not bear the signature of a notary public. The promissory note is not paraphed by a notary public for identification with the chattel mortgage. The back of the promissory note contains printed full recourse and partial recourse endorsements in favor of the Louisiana National Bank of Baton Rouge.
Clement also signed an application dated July 9, 1981, to the Department of Wildlife and Fisheries to transfer the registration of the boat from Bonfanti to himself.
At the trial Clement testified, over objection, that when he executed the above documents, a representative of Bonfanti verbally agreed to repair a crack on the cowling of the motor and fix several punctures in the hull of the boat. This verbal agreement is not included in the written act of sale. Clement also testified that the boat was to be ready for him after 2:00 P.M. on July 9, 1981. When Clement returned to pick up his boat, motor and trailer, the repairs had not been accomplished. Clement advised Bonfanti that he no longer wished to purchase the boat and left. Clement thereafter stopped payment on the check.
By letter dated July 16, 1981, Bonfanti notified Clement that it had been informed by the bank that payment had been stopped on the deposit check and made demand upon Clement for reimbursement of the deposit of $1,387.00 pursuant to the terms of the written contract of sale.
The trial judge found that Clement only consented to sign the purchase agreement because Bonfanti consented to make repairs to the boat and motor. He also found that Bonfanti failed to make these repairs and that this failure vitiated the consent between the parties and nullified the contract.

VALIDITY OF THE SALES AGREEMENT
In this appeal Bonfanti contends that the trial court committed error by allowing parol evidence of the agreement to make repairs to modify the written contract of sale which did not contain such an agreement. Bonfanti also contends that the trial court committed error by not holding Clement liable for the deposit pursuant to the terms of the written contract. Because we resolve this case on another basis, it is unnecessary to rule on either assignment of error.
The pertinent portion of the sales contract provides that "This contract is not valid unless ... approved by a responsible financial institution as to any financed balance." Courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La.C.C. art. 1945; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The meaning and intent of the parties to the written contract in such cases must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2276; Carter's Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir.1983); Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied 422 So.2d 423 (La.1982). The promissory note and chattel mortgage signed by Clement clearly indicate an intention by Clement and Bonfanti to finance the balance due on the purchase price of the boat, motor and trailer with the Louisiana National Bank. Further, the purpose of the *539 promissory note and chattel mortgage is described by Dominick S. Bonfanti, the President and General Manager of Bonfanti, in his testimony as follows:
Q. Can you identify document # 2?
A. This is a promissory note and chattel mortgage, by means of which we would secure a loan through Louisiana National Bank for the purpose (sic) of the boat, less the down payment.
Because the contract is not valid until approved by a financial institution, the parties' obligations are subject to a suspensive condition. La.C.C. art. 2021. Because the suspensive condition is dependent upon a future and uncertain event, these obligations cannot be executed until the occurrence of the event. La.C.C. art. 2043.
There is no evidence in the record that financing the balance due on the purchase price was approved by a responsible financial institution. The contract, by its own terms, is not valid until the occurrence of this suspensive condition. Since the suspensive condition did not occur, the contract is null and void and unenforceable. Williams v. Enmon, 380 So.2d 144 (La.App. 1st Cir.1979), writ denied 383 So.2d 12 (La. 1980); Kansas v. Schaeffer, 299 So.2d 474 (La.App. 4th Cir.1974), writs refused 302 So.2d 616, 617 (La.1974).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellant's costs.
AFFIRMED.