CARTER, Judge.
This is an appeal in a suit to enforce a marriage contract.
FACTS
On August 22, 1979, prior to the celebration of their marriage, Elizabeth H. Fielding and George H. Van Geffen entered into a marriage contract. By the terms of the contract, both Fielding and Van Geffen renounced the provisions of the law which establish a community of acquets and gains and elected to remain separate in property. Van Geffen also promised to pay Fielding $200,000.00, payable at the rate of $1,500.00 per month.
On August 24, 1979, Fielding and Van Geffen were married. Shortly after their wedding, on September 7, 1979, Van Geffen opened a savings account for his wife with Pelican Homestead and Savings Association in New Orleans, Louisiana. On that same day, Van Geffen made an initial deposit of $1,500.00. Thereafter, Van Geffen made four similar deposits, for a total of $7,500.00. No subsequent payments were made.
In March of 1980, Fielding and Van Geffen separated. A judgment of divorce was subsequently rendered on August 20, 1982.
On December 2, 1982, Fielding filed suit against Van Geffen for $192,500.00, the amount due under the marriage contract. *318 The trial court judgment was rendered on December 14, 1983, and signed on February 15, 1984, in favor of defendant and dismissed, with prejudice, plaintiffs suit. From this adverse judgment, plaintiff appeals.
ARGUMENT
A contract between two parties is the law between them. LSA-C.C. art. 1901; Oncale v. Aetna Cas. and Sur. Co., 417 So.2d 471 (La.App. 1st Cir.1982). Courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art. 1945; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Bonfanti Marine, Inc. v. Clement, 439 So.2d 537 (La.App. 1st Cir. 1983). The meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. art. 2276; Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983); Carter’s Ins. Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir. 1983); Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied 422 So.2d 423 (La.1982).
The pertinent portions of the marriage contract provide, as follows:
ARTICLE II
All property and effects of the said intended husband, whether owned by him at the time of the celebration of the said intended marriage or acquired during the said marriage, are hereby declared to be his separate and paraphernal property.
ARTICLE III
All property and effects of the said intended wife, whether owned by her at the time of the celebration of the said intended marriage or acquired during said marriage, are hereby declared to be her separate and paraphernal property, and she does hereby expressly reserve to herself the entire administration of her movable and immovable property, and the free enjoyment of her revenues.
ARTICLE IV
The said intended husband does hereby agree to pay to the said intended wife the sum of $200,000.00, payable at the rate of $1,500.00 per month. This obligation and promise shall cease upon the death of the said intended wife, but shall not cease upon the death of the said intended husband.
The marriage contract, signed by both Fielding and Van Geffen, clearly indicates an intention by both parties to renounce the legal provisions establishing a community of acquets and gains and to remain separate in property. Additionally, in exchange for the renunciation of the community and election to remain separate in property, Van Geffen agreed to pay Fielding $200,000.00, payable in monthly installments of $1,500.00. The contract contained no provisions limiting the obligation in the event of separation and divorce. In fact, the only qualifications on the obligation was that upon the death of Fielding, the obligation to pay the monthly installments would cease.
The trial court erred in holding that the agreement of Van Geffen to pay Fielding $200,000.00 was an onerous donation included within a commutative (marriage) contract with the revocation of the marriage revoking the donation.
The entire marriage contract is a valid commutative contract based on valid consideration with each party giving up certain benefits and in return obtaining other benefits. Further there is no ambiguity in the terms of the agreement, and Article IV thereof is clear and enforceable.
Since Van Geffen has paid only $7,500.00 toward this obligation, Fielding is entitled to the remaining $192,500.00 due and owing under the marriage contract as per the terms of said contract.
*319 Accordingly, the judgment of the trial court dismissing plaintiffs claim is reversed. Judgment is hereby rendered in favor of plaintiff, Elizabeth H. Fielding, and against defendant, George H. Van Geffen, for the sum of $1,500.00 per month from February 7, 1980, until the obligation is extinguished as per the terms of the marriage contract, together with legal interest on each installment from its due date until paid. Costs of this appeal are to be assessed against defendant.
REVERSED AND RENDERED.