516 So.2d 424 (1987)
Joseph W. OBERFELL
v.
Betty Jean Faribault OBERFELL.
No. 86 CA 1260.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Rehearing Denied January 5, 1988.
*425 John R. Miller, Covington, for defendant-appellee.
Clayton S. Knight, Franklinton, for plaintiff-appellant.
Before WATKINS, CARTER and CHIASSON, JJ.[*]
CARTER, Judge.
This is an appeal in a suit to rescind the partition of community property on the grounds that the partition was lesionary.

FACTS
Joseph W. Oberfell, appellant, and Betty Jean Faribault Oberfell, appellee, were judicially separated on November 23, 1981, and were subsequently divorced on May 3, 1982. Prior to the separation, the parties executed an agreement to partition the community property on November 20, 1981. In the agreement, the parties evenly divided the community assets. In addition, appellant obligated himself to pay appellee one-third of his gross annual salary, one-half of his employment life insurance, and one-half ownership rights to any retirement benefits earned by appellant during the existence of the community.
Prior to filing the instant suit, appellant filed a rule to reduce alimony, the denial of which prompted the present suit. Thereafter, on January 17, 1985, appellant filed the instant suit to rescind the partition of the community property on the grounds of lesion, citing LSA-C.C. art. 1398. The allegations of lesion were directed at a certain clause in the partition agreement regarding alimony.
At trial, the parties stipulated that the physical assets of the community had been divided equally, and, lesion, if it existed, would have resulted from the amount of alimony to be paid to appellee. The trial court rendered judgment on May 28, 1986, in favor of appellee, finding that the agreement between the parties was not lesionary and that the provision regarding the alimony settlement was supported by adequate and independent consideration. From this adverse judgment, appellant appeals, raising the following issues:
1. Did the trial court err in finding that the contract between the parties is not lesionary?
2. Did the trial court err in finding that the agreement of November 20, 1981, regarding alimony was supported by adequate and independent consideration?

LESION BEYOND ONE-FOURTH
Appellant seeks rescission of the community property partition on the grounds of lesion, contending that the value of appellee's right to receive alimony, as provided for in the agreement, reduces the value of the property he received below three-fourths of what he is entitled to under the law.
A contract between two parties is the law between them. LSA-C.C. art. 1983; Oncale v. Aetna Casualty and Surety Company, 417 So.2d 471 (La.App. 1st Cir. 1982). Courts are bound to give legal effect to all written contracts according to the true intent of the parties, and this intent is to be determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. LSA-C.C. art. 2045, 2046; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Bonfanti Marine, Inc. v. Clement, 439 So.2d 537 (La.App. 1st Cir.1983). The meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. LSA-C.C. art. 2046; Fielding v. Van Geffen, 473 So.2d 317 (La.App. 1st Cir.1985), *426 writ denied, 477 So.2d 715 (La. 1985); Smith v. Leger, 439 So.2d 1203 (La.App. 1st Cir.1983); Carter's Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir.1983); Tauzin v. Claitor, 417 So.2d 1304 (La.App. 1st Cir.1982), writ denied, 422 So.2d 423 (La.1982).
Alimony after divorce can be made the subject of a contract and may be included as a part of a community partition wherein it can be waived or otherwise provided for as consideration for property received in the partition. King v. King, 493 So.2d 679 (La.App. 2nd Cir.1986), writ denied, 497 So.2d 316 (La.1986). Such alimony agreements need not be incorporated in a court judgment and are enforceable according to their own terms or the proven intent of the parties. Spencer v. Spencer, 472 So.2d 302 (La.App. 3rd Cir.1985).
The law recognizes that a voluntary community property settlement agreement may be set aside for lesion beyond one-fourth. LSA-C.C. arts. 1397 and 1398. The proper method of establishing lesion beyond one-fourth is two-fold: (1) the community property's true value (net value) must be ascertained; and (2) it must then be determined from the property acquired whether a party received value less than ¾ of ½ share of the true value of the property partitioned. Cowling v. Cowling, 486 So.2d 1060 (La.App. 2nd Cir.1986); Beatty v. Vining, 147 So.2d 37 (La.App. 2nd Cir. 1962). The party claiming this remedy has the burden of proving, by clear and convincing evidence, the fair market value of the property at the time of the contract. Cowling v. Cowling, supra.
In the instant case, the parties stipulated that the partition agreement provided for an equal division of the assets of the community. In other words, each party received 50% of the community property. The record also reflects that in the partition agreement, appellant gave appellee, in addition to 50% of the community assets, alimony equally one-third of his salary. This promise to pay alimony was not given in consideration for community property, but was in addition to 50% of the community assets given to appellee.
Under LSA-C.C. art. 1398, partitions may be rescinded for lesion beyond one-fourth. However, ownership in common is an indispensable element to an act of partition. LSA-C.C. art. 1308; Eves v. Morgan City Fund, 252 So.2d 770 (La.App. 1st Cir. 1971). LSA-C.C. art. 2338 describes community property or property co-owned by spouses as follows:
The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
Alimony, however, is not part of the community property. The obligation to pay alimony arises from past marital obligations imposed by LSA-C.C. art. 160. See Jones v. Jones, 459 So.2d 1200 (La.App. 5th Cir.1984), writ denied, 462 So.2d 649 (La. 1985).
In determining the net value of the partitioned community property, the value of the alimony is not included. As the parties stipulated that the community property, excluding alimony, was divided equally, we conclude, as did the trial judge, that the agreement is not lesionary.

CONSIDERATION
Appellant contends that the trial judge erred in finding that the provision in the agreement regarding alimony was supported by adequate consideration. Appellant reasons that because the division of the assets of the community was equal, appellee did not give anything as consideration for the promise to pay alimony.
We note, however, that appellant's petition attacks the partition agreement solely on the grounds of lesion. At trial, appellant attempted to expand the pleadings by *427 introducing evidence regarding the lack of consideration, which was met with an objection.
Therefore, we find that the issue of lack of consideration for the promise to pay alimony was not properly presented to the trial court and is not before us on appeal.

CONCLUSION
For the above reasons, the judgment of the trial court in favor of appellee and against appellant is affirmed. Costs are assessed against appellant.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.