597 So.2d 1198 (1992)
CITY OF EUNICE, Plaintiff-Appellant,
v.
SUNLAND PROPERTIES, INC., Lawrence Lebouef, Angela F. Lebouef, Suzanne M. Lebouef, August J. Leondards, John G. Smith, J.M. Lebouef and Dewey J. Manuel, Defendants-Appellees.
No. 90-1122.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1199 Tate & McManus, Kearney Tate, Eunice, for plaintiff-appellant.
Pucheu & Pucheu, Jacque Pucheu, Jr., Eunice, for defendants-appellees.
Before DOMENGEAUX, C.J., and LABORDE and PATIN[*], JJ.
DOMENGEAUX, Chief Judge.
Plaintiff, City of Eunice, filed this suit for declaratory judgment seeking a determination that a certain instrument executed by their ancestor-in-title donated full ownership of a strip of land to Louisiana Western Railroad. The trial court ruled in defendants' favor, holding that the instrument donated only a right of way to the disputed strip of land. In reaching this conclusion, the trial court refused to consider any extrinsic evidence because the language contained in the donation is clear and unambiguous. Plaintiff appeals. We affirm the trial court's decision.

*1200 FACTS
On December 20, 1894 William Henry Jones donated an interest in a certain strip of land to the Louisiana Western Railroad. Subsequent to this, the railroad built a foundation and laid tracks to accommodate the passage of trains.
On March 31, 1981 Southern Pacific Transportation Company executed an instrument which conveyed any interest they had in the same strip of land as the above mentioned donation to the City of Eunice. City of Eunice's petition for declaratory judgment, filed September 4, 1987, relies on this conveyance to assert its ownership of the property in question.
Defendants then reconvened, alleging that the plaintiff acquired only a right of way from its vendor, Southern Pacific Transportation Company. Deciding this matter requires the interpretation of the donation by William Henry Jones to Louisiana Western Railroad dated March 1, 1894. The interpretation of this donation forms the basis of this opinion.
The relevant language of the donation at issue appears below:
Now, therefore, in consideration of the increased value which will be given to said land, and of the advantages, benefits and conveniences resulting from the building of said railroad, he does hereby give, grant, donate and convey, free from all damage and costs, unto the aforesaid Louisiana Western Railroad Company, a corporation created under the laws of this state, and having its domicile in the City of New Orleans, its lessee, assigns and successors, a strip of land for a right of way, over, across and through the following tract of land, ... and right of way or strip of land to be 100 feet in width, that is 50 feet on either side of the centre line of location of said railroad track, and beginning at the south boundary line of said tract and terminating at the northern boundary line of said tract, being 3,960 feet, more or less, in length; to hold, enjoy and use the same forever for railroad purposes. (Emphasis added.)

LAW
Courts are bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. La.C.C. Art. 1945;[1]Baker v. Life General Security Insurance Co., 405 So.2d 1162 (La.App. 1st Cir.1981). The meaning and intent of the parties to the written contract in such cases must be sought within the four corners of the instrument and cannot be explained or contradicted by extrinsic evidence. Bonfanti Marine Inc. v. Clement, 439 So.2d 537 (La.App. 1st Cir.1983). The general rule is that if an instrument is so ambiguous as to leave the mind in doubt as to what the parties intended, extrinsic evidence may be resorted to as an aid in construction. Sohio Petroleum Company v. Hebert, 146 So.2d 530 (La.App. 3d Cir. 1962), writ denied, 149 So.2d 763 (La.1963), citing Esso Standard Oil Co. v. Texas & New Orleans R. Co., 127 So.2d 551 (La. App. 3d Cir.1961). Because this court finds that the language contained in the aforementioned instruments is clear and unambiguous, we will not consider any extrinsic evidence. We will look at the document as a whole to determine the effect of its language.
Defendants-appellees' brief correctly points out the significant language contained in the instrument at issue. The document recites that in consideration of the increased value given to said land and the advantages from building the railroad, Mr. Jones did give, grant, donate and convey, free from all damages and costs ... "a strip of land for a right of way, over, across and through the following tract of land." The document then goes on to state beneath the property description that "said right of way or strip of land to be 100 feet in width, that is 50 feet on either side centre line of location of said railroad *1201 track." The term "right of way" may be used to convey either a servitude of passage or fee title of the land. Whether a servitude or fee title is meant must be determined from an examination of the instrument as a whole. Generally, however, "right of way" means only a servitude. Meaux v. Southdown Lands, Inc., 361 So.2d 974 (La.App. 3d Cir.1978). This language clearly indicates the intention of both parties to transfer a "right of way" and does not indicate a conveyance in full ownership.
The next significant portion of the document states that the strip of land to be donated will begin "at the south boundary line of said tract and terminating at the northern boundary line of said tract." The document obviously fails to specifically describe the actual location of the right of way or strip of land and the jurisprudence subsequently holds that where the right of way is not specifically described, this evidences only an intent to convey a servitude. Porter v. Acadia-Vermilion Irrigation Co., Inc., 479 So.2d 1003 (La.App. 3d Cir. 1985), writ denied, 483 So.2d 1019 (La. 1986). Because the document fails to sufficiently identify the land to support a sale, this signifies the parties intent to convey only a "right of way."
The final significant language in the document allows the grantee to "hold, enjoy and use the same forever for railroad purposes." Although this court is aware of jurisprudence which holds that if the word "forever" is included in a grant, it connotes an unlimited grant in fee simple, we have previously held that this language is not conclusive. Porter v. Acadia-Vermilion Irrigation Co., Inc., supra. As the trial court correctly pointed out the word "forever" is modified before and after its use and taken within its context does not indicate a sale in fee simple. The above quoted language also clearly limits the use of the land "for railroad purposes" thereby supporting this court's finding that this was a donation of a mere "right of way" and not a transfer of ownership in fee simple.[2]
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[*] Honorable John A. Patin, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] La.C.C. Art. 1945 was amended and re-enacted by Acts 1984, No. 331, effective January 1, 1985. The substance of Art. 1945 was reproduced in La.C.C. Arts. 2045 and 2046.
[2] Vague representations by plaintiff are made in its petition and briefs on the question of abandonment or lack thereof as it affects the property involved. The record is devoid of any evidence on the subject of abandonment, the trial court judgment is silent on same, and consequently the subject, not being before us, is not considered.