DOMENGEAUX, Chief Judge.
Plaintiff, Crowell Land and Mineral Corporation, filed this suit against Verneco, Inc. (referred to in the record as Roy 0. Martin Lumber Co., Inc., successor, through merger with Verneco, Inc.), seeking a determination of ownership of a certain strip of land. The trial court found that a deed executed in 1918 by The Cro-well and Spencer Lumber Co., Ltd. and the W.M. Cady Lumber Co., Inc., predecessors in interest to the plaintiff and defendant, respectively, did not constitute a sale of immovable property in fee, but rather, merely granted a servitude or right of way in favor of Crowell. In reaching its conclusion in the defendant’s favor, the trial court refused to consider extrinsic evidence purporting to interpret the 1918 deed because the court found the deed to be unambiguous. Crowell appeals both the evidentiary ruling of the trial court and its judgment on the merits. We affirm.
FACTS
On April 30, 1918, the W.M. Cady Lumber Co., Inc. transferred certain property to The Crowell and Spencer Lumber Co., Ltd. The property was described as:
A certain Tramroad or Railroad, complete, including Rights-of-Way, switches and other appurtenances, rights, and privileges thereto in any wise belonging or appurtenant, situated in the Parish of Rapides, State of Louisiana, and being more fully described and located as follows, ... [legal description of property omitted] .... [T]he entire length of the said Tramroad being 15.589 miles.
The descriptions herein given refer to the center line of the Tramroad, and are only applicable to the said center line.
Total consideration for the sale was $103,085.70, itemized as earthwork, bridging, and railroad. The sale was said to include a right of way, 100 feet wide, over and across all the lands described, “said Right-of-Way being Fifty feet on each side of the center line of the said described Tramroad or Railroad the entire length thereof.” The deed concludes with the ha-bendum clause, which reads as follows:
TO HAVE and TO HOLD the said Tramroad or Railroad complete as set forth herein; and the Right-of-Way, rights, privileges, and all other appurtenances, unto the said purchasing Corporation, and unto its successors and assigns, with full and general warranty of title, and with full defense of the same, from this day and forever.
Plaintiff contends the Cady deed is clear in its intent to convey an immovable in fee title and not simply a predial servitude. Defendant contends the Cady deed conveyed earthwork, bridging, and a railroad, along with a right of way or servitude of passage at the location of the railroad.
LAW
In City of Eunice v. Sunland Properties, Inc., 597 So.2d 1198 (La.App.3d Cir. 1992), a case factually similar to the one before us, we reiterated the longstanding rule that courts are bound to give legal effect to all written contracts according to the true intent of the parties. 597 So.2d at 1200. Further, we stated that the parties’ intent is to be determined from the four corners of the instrument and cannot be explained or contradicted by extrinsic evidence unless the instrument is so ambiguous as to leave the mind in doubt as to what the parties, intended. 597 So.2d at 1200.
In City of Eunice and Rock Island, A. & L.R. Co. v. Gournay, 205 La. 125, 17 So.2d 8 (1943), rights of way were granted for the construction of railroads. Each court considered the provisions of the contract before it and concluded that only a servitude was granted and not fee title to the land in question. Likewise, in Porter v. Acadia-Vermilion Irrigation Co., Inc., 479 So.2d 1003 (La.App.3d Cir.1985), writ denied, 483 So.2d 1019 (La.1986), and Meaux v. Southdown Lands, Inc., 361 So.2d 974 (La.App.3d Cir.1978), rights of way were granted for the construction of irrigation canals. Both courts found the deeds to be ambiguous and relied on extrinsic evidence to conclude that only servi-tudes were granted by the landowners.
*1080 The case sub judice presents a slightly different factual scenario although we reach the same result. Here, the landowner sold an existing railroad to Crowell, and a servitude was granted for the use of the railroad. The property over which the railroad runs, and hence the location of the servitude, was described with legal specificity because the railroad already existed. Significant consideration was paid for the railroad itself, i.e., those physical items that comprise the track. Conversely, in the earlier cases, only nominal consideration was paid. The habendum clause in the Cady deed defined the extent of ownership of the thing granted, i.e., the railroad, as being complete and including “the Right-of-Way, rights, privileges, and all other appurtenances.”
The plaintiff is correct in its contention that the ownership of certain property was conveyed in the Cady deed. However, the property conveyed was the railroad. The deed also granted a right of way to Crowell for the use of the railroad, but it did not grant title to the land on which the railroad is situated. The Civil Code allows for separate ownership of land and buildings or other constructions permanently attached to the land. See La.C.C. Art. 462 et seq., and the Revision Comments to La.C.C. Art. 469. There is nothing in the deed that would indicate an intent to convey or sell any property other than the railroad itself. The right of way was granted in addition to the sale of the railroad, and because of the clear and unambiguous language quoted above, we conclude that the right of way was intended merely as a servitude of passage. Accordingly, the trial judge did not err in failing to consider extrinsic evidence, nor did he err in concluding that Crowell was not granted title to the land in question.
For the foregoing reasons, the judgment in favor of Roy 0. Martin Lumber Co., Inc. and against Crowell Land and Mineral Corporation is affirmed at appellant’s cost.
AFFIRMED.