956 So.2d 697 (2007)
Judy D. MURRELL, Plaintiff-Appellee,
v.
Thomas Brandsford MURRELL, Defendant-Appellant.
No. 42,070-CA.
Court of Appeal of Louisiana, Second Circuit.
April 25, 2007.
*698 Sandra L. Walker, Shreveport, for Appellant.
*699 Michael F. Miller, for Appellee.
Before WILLIAMS, STEWART and SEXTON (Pro Tempore), JJ.
WILLIAMS, Judge.
The defendant, Thomas Bransford Murrell, appeals a district court judgment sustaining the peremptory exception of prescription dismissing his petition to terminate his obligation to maintain health insurance on behalf of the plaintiff, Judy D. Murrell. For the following reasons, we affirm.

FACTS
Judy D. Murrell and Thomas Bransford Murrell were married in December 1960 and divorced in September 1998. On January 25, 1999, the parties signed a community property settlement agreement by which they partitioned the community assets and liabilities.
Pursuant to the agreement, Mr. Murrell received approximately $77,000.00 in cattle, horses and farm equipment, a 1998 Dodge pickup truck, one-half of his retirement benefits with the Firefighters Retirement System earned during the marriage, along with his personal effects, clothes and jewelry. He also assumed the balance due on the purchase of the truck, as well as $40,300.00 in debts owed to three different creditors.
Ms. Murrell received a 1994 double-wide mobile home, a 1986 mobile home, a subdivision lot located in Bossier Parish, a 1995 Ford minivan, and one-half of Mr. Murrell's retirement benefits with the Firefighters Retirement System earned during the marriage. She assumed the outstanding balance owed on the purchase of the minivan estimated to be between $3,800.00 and $4,000.00.
In addition to the aforementioned division of assets and liabilities, the agreement contains the following provision:
As further consideration for entering the voluntary community property partition, THOMAS BRANSFORD MURRELL agrees to be responsible for and pay any and all hospitalization insurance premiums to maintain JUDY D. MURRELL on his Firefighters Hospitalization Group Insurance.
The enforcement of this agreement was provided for in the subsequent Qualified Domestic Relations Order executed by the district court dividing Mr. Murrell's retirement. The order contained the following paragraph:
THAT pursuant to the Partition Agreement entered into by Plaintiff and Defendant aforesaid the said JUDY D. MURRELL is declared entitled to be maintained on the Firefighters Hospitalization Group Insurance, and Defendant, THOMAS BRANSFORD MURRELL, shall be responsible for and pay any and all Firefighters Hospitalization Group Insurance premiums to maintain JUDY D. MURRELL on Defendant's Firefighters Hospitalization Group Insurance.
On July 27, 2006, Mr. Murrell filed a pleading entitled "Petition to Terminate and Rescind Order to Maintain Firefighters Hospitalization Group Insurance." Mr. Murrell's petition alleged that payment of the insurance premiums was in the nature of an award of final spousal support as opposed to the partitioning of community assets and liabilities, and that a change in circumstances warranted termination of his obligation to pay said premiums. The changes alleged by Mr. Murrell included the increased cost of the premiums and the availability of health insurance through Ms. Murrell's employer. The petition requested either that Mr. Murrell's obligation *700 be terminated, or that Ms. Murrell accept a higher deductible to lower the cost of the insurance premiums.
In response, Ms. Murrell filed a peremptory exception of prescription on the grounds that Mr. Murrell's petition, notwithstanding its title, was an action to rescind a community property partition subject to the liberative prescriptive period of five years. The exception alleged that Mr. Murrell's action was prescribed on its face, having been filed more than seven years after the execution of the partition agreement in January 1999.
After a hearing on the exception, the district court found that payment of the insurance premiums was part of a valid partition agreement and that Mr. Murrell had failed to seek rescission within the applicable five-year prescriptive period. Accordingly, the district court rendered judgment sustaining the exception and dismissing Mr. Murrell's petition. Mr. Murrell appeals the judgment.

DISCUSSION
Mr. Murrell contends that the trial court erred in granting the exception of prescription. He argues that the requirement to pay insurance premiums contained in the partition agreement is a modifiable spousal support obligation because it was in addition to an equitable distribution of the marital assets and liabilities. In his brief, Mr. Murrell asserts that the caption of the petition and its allegation of a material change in circumstances indicate that he sought to terminate spousal support and did not seek rescission of the community property settlement agreement.
Our courts consistently look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Steed v. St. Paul's United Methodist Church, 31,521-522 (La.App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290. Thus, the caption of Mr. Murrell's pleading does not control. The action was an attempt to rescind a portion of the parties' contract by which they partitioned the community assets and liabilities.
LSA-C.C. art. 114 provides that an award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if such support has become unnecessary. The obligation to provide health insurance that Mr. Murrell seeks to rescind is an expense arguably included within the definition of "maintenance" used for determining the needs of a claimant spouse seeking an award of alimony. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Widman v. Widman, 93-613 (La.App. 3rd Cir.2/2/94), 631 So.2d 689. However, in the present case, Mr. Murrell's obligation to pay the hospitalization insurance premiums is neither the result of an "award," nor classifiable as periodic support.
The obligation incurred herein was expressly given in consideration for entering into the partition agreement. In other words, correctly or incorrectly, Ms. Murrell believed that she was bargaining away some benefit (and conversely, Mr. Murrell believed he was gaining a benefit) in the manner of partition which warranted an additional incentive. Citing Oberfell v. Oberfell, 516 So.2d 424 (La.App. 1st Cir.1987), Mr. Murrell contends that the parties' stipulation that the property received by each was approximately equal in value means that the promise to pay the health insurance premiums was not given as consideration for the community property partition.
In Oberfell, supra, the spouses had executed an agreement to partition the community *701 property. In the agreement, the husband obligated himself to pay alimony. The husband subsequently filed suit to rescind the partition agreement on the basis of lesion. At trial, the parties stipulated that the physical property had been divided equally and thus, the action for lesion depended entirely on the clause regarding the payment of alimony. The court of appeal noted that the promise to pay alimony was not given in consideration of the community property partition agreement.
The situation of the present case is distinguishable, in that the partition agreement expressly states that the promise to pay the health insurance premiums was given as "consideration for" the partition of community property. Furthermore, while the parties stipulated that the physical property each received was approximately equal in value, a review of the manner of division suggests the need for additional consideration. Significantly, by receiving the community livestock under the agreement, Mr. Murrell received all of the income producing assets co-owned by the parties.
In determining whether the health insurance premium provision was intended as consideration (and not a separate agreement for support), we note that no dollar value is affixed to the majority of assets received by Ms. Murrell and that her assets are primarily the type which depreciate in value. In contrast, Mr. Murrell mainly received income-producing assets. While the income-producing nature of the assets received by Mr. Murrell did not add to their fair market value, this income potential would reasonably affect the intrinsic value assigned to the assets in the parties' division of property.
Actions for the rescission of partitions are prescribed by the lapse of five years from the date of the partition. LSA-C.C. arts. 1413 and 3497; Glascock v. Glascock, 98-1031 (La.App. 1st Cir.11/5/99), 746 So.2d 288. Here, the express terms of the community property partition clearly show that the parties intended the payment of health insurance premiums as consideration for the property received in the partition. This interpretation is supported by the division of assets under the agreement.
That Mr. Murrell now apparently deems the agreement to have been a bad bargain does not change the fact that he is seeking to rescind the bargain made. Thus, the action was subject to the liberative prescriptive period of five years applicable to actions to rescind a partition.
We note that Mr. Murrell's appellate brief makes a passing reference to the potential applicability of the doctrine of contra non valentem if his claim were deemed to be one for rescission of partition. Because he failed to present the defense in the proceedings below, he is precluded from raising it for the first time on appeal. Gaddy v. Caddo Parish School Bd., 36,583 (La.App.2d Cir.12/11/02), 833 So.2d 1088. The petition to rescind the partition was filed in July 2006, more than five years after the parties signed the partition agreement in January 1999. Accordingly, we conclude that the trial court did not err in sustaining the exception of prescription.[1]

*702 CONCLUSION
For the foregoing reasons, the district court judgment sustaining the peremptory exception of prescription is affirmed. Costs of this appeal are assessed to the appellant, Thomas Murrell.
AFFIRMED.
NOTES
[1] Whether the deductible amount may be changed to reduce the monthly insurance premium under the terms of the partition agreement is a question of contract interpretation that is not decided by resolution of the prescription issue and is not before this court for consideration.