TATE, Judge.
This appeal arises in the following statutory context: Automobile liability insurers issuing policies for Louisiana motor vehicles are required by statute to provide uninsured motorist coverage, unless “any insured named in the policy shall reject the coverage”. LSA-R.S. 22:1406, subd. D(l), as amended in 1962. Ify this coverage, the persons protected by the policy are insured for personal injuries for which owners and operators of any ««insured motor vehicles are liable arising out of the ownership or operation of the ««insured vehicle; in effect, insofar as those insured by the policy, the insurance provides liability coverage insuring the uninsured motorist.
The sole issue of this appeal is whether the liability insurer of a husband could validly omit this mandatory coverage when his wife instead of the insured had rejected it at the time the policy was purchased.
The plaintiff sues for injuries caused by an uninsured motorist. Insofar as against his own insurer, this suit by a plaintiff husband is founded solely upon allegations that the policy as issued to him improperly omitted the mandatory uninsured motorist coverage since he himself, as “the insured named in the policy”, had not rej ected it as required by statute, LSA-R.S. 22:1406, subd. D(l). The trial court concluded that in the present case the wife was authorized by the husband to reject for him the uninsured motorist coverage. The husband appeals the dismissal of his suit against his insurer.
The evidence shows that the wife customarily purchased the family insurance policies for the husband. On the occasion of the purchase of the present policy, he had in *77 structed her to purchase the same coverage and same type of policy as had been obtained the previous year. The previous year’s policy had been issued before uninsured motorist coverage was customarily furnished in Louisiana; hence this previous policy did not contain such coverage.
The wife contacted a local insurance agent. He informed her that he could issue her the identical coverage, for the same premium, as had been obtained the previous year from another agency. He then asked her if she wished uninsured motorist coverage, which would cost an additional $10 premium. The wife rej ected this additional coverage because of the additional cost, and she signed a rejection slip in her husband’s name.
The husband argues that his wife cannot be held to have been authorized by him to reject the mandatory coverage, since at the time he authorized her to procure insurance neither of them knew that such a coverage was available. He says that he would have instructed his wife to obtain this coverage had he known about it. He contends that his wife’s rejection of the coverage was null as beyond the limits of his authorization to her to act as his agent in the matter. LSA-C.C. Art. 3010.
Nevertheless, we agree with the trial court that the husband’s authority to the wife to obtain an identical policy as the previous year’s (which did not contain uninsured motorists coverage) constituted full authority in her as his agent to reject any additional coverage in obtaining the present policy. A wife may validly act as her husband’s agent when anthorized by him. LSA-C.C. Art. 1787.
Our holding that the husband is bound by the coverage secured by his wife as his validly authorized agent in the matter is in accord with the general jurisprudence. 3 Couch on Insurance 2d Section 25.1 et seq. (1960 volume); 16 Appleman, Insurance Law and Practice, Section 8735 (1944 volume) ; 44 C.J.S. Insurance § 169 (1945 volume). See, e. g.: Adams v. Manchester Insurance & Indemnity Co., Mo.App., 385 S.W.2d 359 (1964); Dungan v. Utica Mutual Insurance Co., Tex.Civ.App., 331 S.W. 2d 496 (1960).
Since we have reached the conclusion that the wife, as authorized by the husband as “the insured named in the policy”, did validly reject the mandatory coverage, it is unnecessary to consider the insurer’s contentions (1) that the wife was entitled to do so herself as a “named insured” of the policy or (2) that, at any rate, the husband is bound by the wife’s rejection as being within her ostensible (even if not actual) authority, International Union of Operating Engineers, etc., v. Guy Scroggins, Inc., La. App. 3 Cir., 168 So.2d 724.
For tí,ie reasons above assigned, we affirm the trial court’s holding that the defendant insurer’s policy to the plaintiff validly did not afford the plaintiff any uninsured motorist coverage and that, consequently, the plaintiff’s suit against this insurer must be dismissed. The plaintiff is to pay the costs of this appeal.
Affirmed.