315 So.2d 876 (1975)
James L. RUSHING et al., Plaintiffs-Appellants,
v.
PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA, Defendant-Appellee.
No. 5051.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
*877 Piccione & Piccione by Peter C. Piccione, Lafayette, for plaintiffs-appellants.
L. H. Olivier, Lafayette, for defendant-appellee.
Before FRUGE, MILLER, and DOMENGEAUX, Judges.
MILLER, Judge.
Plaintiff James L. Rushing appeals the summary judgment (based on a policy exclusion) dismissing his suit against defendant Protective National Insurance Company of Omaha. We reverse.
Plaintiff instituted this suit individually, and as administrator of his minor son's (James Rodney Rushing, age 17) estate, to recover medical expenses incurred by him related to his son's accident, and to recover damages for James' pain, suffering, and loss of wages. James was injured while a guest passenger on the back of a motorcycle owned and operated by Irvin David Savoy. The motorcycle was struck by a hit and run driver.
Protective National issued a liability insurance policy in Irvin David Savoy's name. His mother, Mrs. Irvin J. Savoy, expressly rejected uninsured motorist protection. The policy had an effective date of November 29, 1971, and the accident occurred January 4, 1972. The following provisions of LSA-R.S. 22:1406 were in effect and are controlling.
D. (1) No automobile liability insurance. . . shall be delivered or issued for delivery in this state . . . unless coverage is provided . . . for the protection of persons insured thereunder . . .from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage. (Emphasis added.)
The issue concerning Mrs. Savoy's authority to reject uninsured motorist coverage was found by the trial court to involve a dispute as to a genuine issue of material fact. On this basis the trial court denied the motion for summary judgment in the *878 companion case of Savoy v. Doe, 315 So.2d 875 (La.App. 3 Cir. 1975).
Soileau v. Hartford Accident & Indemnity Company, 182 So.2d 76 (La.App. 3 Cir. 1966) is the only case found concerning the wife's authority to reject uninsured motorist coverage. The court there found proper authorization under the specific facts. The Soileau case was decided after trial on the merits. The trial court properly found an issue of material fact as to Mrs. Irvin's authority to waive uninsured motorists coverage.
The second issue concerns the basis for the trial court's granting summary judgment. It was held that uninsured motorist coverage did not apply because of the following exclusion in Protective National's policy:
1. PASSENGER HAZARD: It is agreed that such insurance as is afforded by this policy for Bodily Injury Liability does not apply to bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person while in or upon or while entering into or alighting from the motorcycle. (Emphasis added.)
This exclusion does not apply to defeat coverage under uninsured motorist coverage, because it is specifically limited to "Bodily Injury Liability." It has no relation to the uninsured motorist coverage required by statute. Exclusionary clauses are to be strictly construed against the insurer and in favor of coverage. Hendrix Electric Co., Inc. v. Casualty Reciprocal Exchange, 297 So.2d 470 (La.App. 2 Cir. 1974); Berry v. Aetna Casualty & Surety Company, 240 So.2d 243 (La.App. 2 Cir. 1970).
We reverse the summary judgment and remand the case for trial on the merits. All costs of this appeal are assessed to defendant.
Reversed and remanded.