417 So.2d 471 (1982)
Claiborne J. ONCALE, Sr., et al.
v.
The AETNA CASUALTY AND SURETY COMPANY.
No. 14973.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*472 David M. Richard, Thibodaux, for plaintiffs-appellants Claiborne J. Oncale, Sr., et al.
John L. Lanier, of Pugh, Lanier & Pugh, Thibodaux, for defendant-appellee The Aetna Cas. & Sur. Co.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
LOTTINGER, Judge.
This is a suit on an insurance contract. Plaintiffs[1] sued the Aetna Casualty and Surety Company ("Aetna") as the automobile insurance carrier of Claiborne J. Oncale, Jr. Plaintiffs claimed uninsured motorists coverage by Aetna for damages resulting from an auto collision with an under-insured third-party tortfeasor. From a summary judgment granted by the trial court in favor of Aetna, the plaintiffs have appealed.

FACTS
The suit arose from an auto accident occurring June 10, 1979. Claiborne J. Oncale, Jr. was driving his vehicle in a westerly direction on Parish Road 27 in Lafourche Parish. Passengers in the Oncale vehicle were Claiborne J. Oncale, Sr., Mrs. Blanche Oncale, Elaina Oncale, Crystal Oncale, and Mrs. Priscilla T. Oncale. An east-bound vehicle owned and operated by Janet R. Willingham crossed the center line of the road and collided with the Oncale vehicle. All persons in the Oncale vehicle were injured in varying degrees. Plaintiffs settled a claim against Ms. Willingham and her insurer, Allstate Insurance company ("Allstate"), for the amount of the policy limits, which was $10,000.00. They now claim uninsured motorists coverage from Aetna, asserting damages over and above the amounts already received from Allstate.

TRIAL COURT
Aetna moved for a summary judgment, arguing that the policy issued to Claiborne J. Oncale, Jr. contained an express rejection of UM coverage. Aetna attached the Oncale policy to its motion, and within the *473 policy appeared a form rejecting UM coverage and signed by Mrs. Claiborne J. Oncale, Jr., dated July 7, 1978. The trial court in its written reasons observed that La.R.S. 22:1406(D)(1)(a) authorized "any insured named in the policy" to reject UM coverage. The court found no genuine dispute as to the material facts that Mrs. Oncale, Jr. had signed the rejection form and that she was a "named insured" under the policy. Thus, the trial court found Aetna was entitled to judgment as a matter of law, and there being no genuine dispute as to material fact, granted summary judgment in favor of Aetna.

ISSUES ON APPEAL
The briefs and arguments of the parties on appeal basically raise the following issues:
1) Did Mrs. Oncale, Jr. have the actual authority to reject UM coverage on behalf of her husband?
2) Lacking actual authority, was Mrs. Oncale, Jr. vested with the apparent authority to reject UM coverage on behalf of her husband?
3) Can the spouse of the policyholder reject UM coverage on her own as a "named insured" under the policy?

ACTUAL AUTHORITY
Plaintiffs-appellants argue that the rejection of UM coverage by Mrs. Claiborne J. Oncale, Jr. was invalid because she was not given this authority by her husband.
At the time of the application for the Aetna policy, La.Civ.Code Art. 1787[2] was in effect, which read:
"A married woman may act as mandatary, and her acts will bind the mandator and the person with whom she contracts, although she be not authorized by her husband; she may also act as mandatary for her husband or for the community when authorized by her husband." (emphasis supplied)
It is undisputed that Claiborne J. Oncale, Jr. authorized his wife to obtain automobile insurance on his behalf from Aetna. The plaintiffs claim, however, that Oncale, Jr. authorized his wife to obtain "full coverage" only, and did not authorize her to reject UM coverage. In this fashion, plaintiffs seek to distinguish Soileau v. Hartford Accident & Indemnity Company, 182 So.2d 76 (La.App. 3rd Cir. 1966), where the Third Circuit found that the husband's authority given to the wife to obtain an identical policy as the previous year's (which did not contain UM coverage) constituted full authority in the wife as his agent to reject UM coverage in the new policy.
We agree that the situation in Soileau does not avail defendant in the instant case. Unlike Soileau, the present husband authorized his wife to obtain full coverage, not coverage identical to that of any previous year. Thus, Mrs. Oncale, Jr. did not have actual or implied authority as the agent of her husband to reject UM coverage. Yet, because of this holding, this court must examine two issues which were expressly pretermitted in Soileau: whether apparent authority existed, and whether a spouse as a "named insured" can reject UM coverage on her own.

APPARENT AUTHORITY
Defendant-appellee contends that even if Mrs. Oncale, Jr. had not the actual authority as the agent of her husband to reject UM coverage, that she had apparent authority to do so, and that its insurance agent was justified in relying on her express rejection of UM coverage on behalf of her husband.
As was stated in AAA Tire & Export, Inc. v. Big Chief Truck Lines, Inc., 385 So.2d 426, 429 (La.App. 1st Cir. 1980):
"The concept of apparent authority only comes into play when the agent has acted beyond his actual authority and has no permission whatsoever from his principal to act in such a manner. The principal will be bound for such actions if he has put his agent in such a position or has acted in such a manner as to give an innocent third person the reasonable belief *474 that the agent has authority to act for the principal. The facts and circumstances of each case must be examined to determine the reasonableness of the third party's belief. One must look from the viewpoint of the third person to determine whether an apparent agency has been created."
See also Lilliedahl & Mitchell, Inc. v. Avoyelles Trust & Savings Bank, 352 So.2d 781 at 787 (La.App. 3rd Cir. 1977).
Although it appears that the insurance agent may well have been quite reasonable in believing that Mrs. Oncale, Jr. had the authority to reject UM coverage on behalf of her husband, the pleadings and affidavits on record do not provide the court with all the facts and circumstances necessary to determine whether this apparent authority existed. For this reason, the doctrine of apparent authority cannot be availed to uphold summary judgment in the case sub judice.

NAMED INSURED
La.R.S. 22:1406(D)(1)(a) in pertinent part allows a rejection of UM coverage by "any insured named in the policy," provided such rejection is in writing. Thus, if Mrs. Oncale, Jr. was an "insured named in the policy," as per the statute, she herself had the ability to reject UM coverage, not as the agent of her husband, but in her own right.
It is well-settled that the insurance contract, like any other agreement, constitutes the law between the contracting parties. La.Civ.Code Art. 1901, Schmieder v. State Farm Fire and Casualty Company, 339 So.2d 390 (La.App. 1st Cir. 1976), writ ref. 341 So.2d 895 (La.1977); Wiley v. Louisiana and Southern Life Insurance Company, 302 So.2d 704 (La.App. 3rd Cir. 1974), writs ref. 305 So.2d 540 and 541 (La.1975); Prestenback v. Prudential Insurance Company of America, 257 So.2d 698 (La.App. 4th Cir. 1972); Vidrine v. Southern Farm Bureau Casualty Insurance Co., 247 So.2d 660 (La.App. 3rd Cir. 1971). The provisions of the insurance policy should be given effect except to the extent to which they conflict with law or public policy. O'Donnell v. Fidelity General Insurance Company, 344 So.2d 91 (La.App. 2nd Cir. 1977).
Under that section of the subject insurance policy entitled, "Protection Against Uninsured Motorists," the subpart entitled "Definitions" states in pertinent part, "The definitions under the Liability Coverage, except the definition of `Insured,' apply to the Uninsured Motorists Coverage[.]" The definitions sub-part of the Liability Coverage states in part: "`[N]amed insured' means the individual named in item 1 of the declarations and also includes his spouse, if a resident of the same household[.]" Item 1 of the declarations page of the policy names Claiborne J. Oncale, Jr. as the named insured.
The definition of "named insured" in the policy is clear and unambiguous. Plaintiffs do not contend that Mr. and Mrs. Oncale, Jr. were not residents of the same household at the time UM coverage was rejected. Nor do plaintiffs contend that the policy definition of "named insured" is contrary to law or public policy. Where a policy of insurance contains a definition of any word or phrase, this definition is controlling. Allstate Insurance Company v. Montalbano, 335 So.2d 793 (La.App. 1st Cir. 1976); Hendricks v. American Employers Insurance Company, 176 So.2d 827 (La.App. 2nd Cir. 1965); writ ref. 248 La. 415, 179 So.2d 15 (1965).[3] Thus, giving full effect to the written provisions of the policy, we conclude that Mrs. Claiborne J. Oncale, Jr. was a "named insured" therein.
We are also of the opinion that the phrase "any insured named in the policy" found in La.R.S. 22:1406(D)(1)(a) is substantially synonymous with the phrase "named insured" found in the subject insurance policy. For this reason, under the clear provisions of the policy and La.R.S. *475 22:1406(D)(1)(a), Mrs. Claiborne J. Oncale, Jr. was herself empowered to reject UM coverage in the subject policy, not as the agent of her husband, but in her own right.

KNOWLEDGE
Plaintiffs finally argue that the affidavits demonstrate that Mrs. Oncale, Jr. did not know she was rejecting UM coverage when she signed the rejection form, and that at no time was any mention made of rejection of such coverage. However, the rejection form completely and thoroughly detailed the options available for UM coverage under Louisiana law. This form contained a bold-print heading which read, "An Important Message About Your Uninsured Motorists Coverage." The information contained on the rejection form is in ordinary-sized print and in layman's terms. We are of the opinion that even the most casual reader of the rejection form would easily understand the consequences and implications of the information provided therein. Plaintiffs have not alleged that there was no discussion whatsoever of UM coverage, but only that nothing was explained as to UM rejection. We find that the rejection form signed by Mrs. Oncale, Jr. was self-explanatory and was not confusing or misleading in the least. A person who signs a written document is presumed to have knowledge and understanding of that which he signs. South Port Corporation v. P. Olivier & Sons, 179 La. 233, 153 So. 825 (1934); Holt v. City of Bossier City, 384 So.2d 495 (La.App. 2nd Cir. 1980); South Central Bell Telephone Company v. McKay, 285 So.2d 563 (La.App. 1st Cir. 1973). Failing any fraud or misconduct by the insurance agent (and we find no actual allegations of same in the pleadings or affidavits), the plaintiffs are bound by the written rejection of UM coverage by Mrs. Oncale, Jr.

SUMMARY JUDGMENT
Under the clear and unambiguous provisions of the insurance policy and La.R.S. 22:1406(D)(1)(a), Mrs. Oncale, Jr. was empowered to reject UM coverage on her own. There is no genuine dispute as to the fact that she did so. Thus, defendant Aetna was entitled to judgment as a matter of law, and the trial court properly granted summary judgment to defendant under La. Code Civ.P. Art. 966.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court is hereby affirmed, all costs being assessed to plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Named as party plaintiffs are Claiborne J. Oncale, Sr.; Mrs. Blanche Oncale; Claiborne J. Oncale, Jr., individually and as administrator of his minor children, Elaina Oncale and Crystal Oncale; and Mrs. Priscilla T. Oncale.
[2] Repealed by Acts 1979, No. 709, § 2.
[3] See also Thomas v. Protective Life Insurance Company, 319 So.2d 878 (La.App. 3rd Cir. 1975); Elledge v. Warren, 263 So.2d 912 (La. App. 3rd Cir. 1972), writ ref. 262 La. 1096, 266 So.2d 223 (1972).