545 S.E.2d 845

**ALLSTATE INSURANCE COMPANY, Respondent,**

v.

**ESTATE OF Thomas Adam HANCOCK, Estate of Johnny Blyther, Estate of James Brooks, Sr., James Brooks, Jr., and the Estate of Harold Connell Hancock, Willie K. Brooks, Companion Property and Casualty Insurance Company, Defendants,**

Of whom Estate of Thomas Adam Hancock and
Estate of Johnny Blyther are Appellants.

No. 3328.

Court of Appeals of South Carolina.

Heard March 7, 2001.

Decided April 9, 2001.

Rehearing Denied May 21, 2001.

---

82

Christopher G. Isgett, of Lee, Eadon, Isgett & Popwell, of Columbia; and Jacob H. Jennings, of Jennings & Jennings, of Bishopville, for appellants.

G. Murrell Smith, Jr., of Lee, Erter, Wilson, Holler & Smith, of Sumter, for respondent.

HEARN, Chief Judge:

Allstate Insurance Company (Allstate) brought this declaratory judgment action to determine the amount of underinsurance (UIM) coverage available under H. Connell Hancock's automobile insurance policy. The trial court found that no coverage was available because Allstate provided Hancock with a meaningful offer of UIM coverage which was rejected. We reverse.

## FACTS/PROCEDURAL HISTORY[1]

Hancock (Husband) purchased an automobile insurance policy from Allstate on July 30, 1996 with an effective date of January 31, 1997. Husband is listed as the applicant and named insured on the policy. Patricia Hancock (Wife), Hus-

---

1. The facts are by stipulation of the parties.

band's resident spouse, elected uninsured (UM) coverage limits and signed a waiver of UIM coverage on the policy. There is no evidence in the record that Husband saw Allstate's form offering UIM coverage. On April 5, 1997, Husband was involved in an automobile accident killing him, his resident son, and another passenger.

Following the accident, Allstate brought this action to determine the amount of coverage available to the various parties. The trial court found no UIM coverage because (1) Allstate's form was a valid offer of UIM coverage, (2) as Husband's resident spouse, Wife had the authority to sign a waiver of UIM coverage, and (3) the policy issued to Husband by Allstate prevented the stacking of liability insurance. The decedents' estates (Appellants) appeal the trial court's determination of a valid rejection of UIM coverage.

## STANDARD OF REVIEW

■ "When an appeal involves stipulated or undisputed facts, an appellate court is free to review whether the trial court properly applied the law to those facts." *WDW Props. v. City of Sumter,* 342 S.C. 6, 10, 535 S.E.2d 631, 632 (2000). In such cases, the appellate court is not required to defer to the trial court's legal conclusions. *J.K. Constr., Inc. v. Western Carolina Reg'l Sewer Auth.,* 336 S.C. 162, 166, 519 S.E.2d 561, 563 (1999).

## ANALYSIS

■ Appellants argue the trial court erred in concluding the resident spouse of an automobile insurance policy's named insured had the authority to reject UIM coverage on behalf of the named insured. We agree.

Automobile insurance carriers are required to offer UIM and excess UM coverage up to the limits of a policy's liability coverage. S.C.Code Ann. § 38–77–160 (Supp.2000). For all new applicants, this offer must be made using a form approved by the Insurance Commissioner and containing the following information:

(1) a brief and concise explanation of the coverage,

(2) a list of available limits and the range of premiums for the limits,

(3) a space for the insured to mark whether the insured chooses to accept or reject the coverage and a space for the insured to select the limits of coverage he desires,

(4) a space for the insured to sign the form which acknowledges that he has been offered the optional coverages,

(5) the mailing address and telephone number of the Insurance Department which the applicant may contact if the applicant has any questions that the insurance agent is unable to answer.

S.C.Code Ann. § 38–77–350 (Supp.2000).

█ Section 38–77–350(B) further states:

If this form is properly completed and executed by the **named insured** it is conclusively presumed that there was an informed, knowing selection of coverage and neither the insurance company nor any insurance agent has any liability to the named insured or any other insured under the policy for the insured's failure to purchase any optional coverage or higher limits.

(Emphasis added). If the insurer does not make a meaningful offer of UIM coverage, the policy will be reformed to include UIM coverage up to the limits of the policy's liability coverage. *Norwood v. Allstate Ins. Co.,* 327 S.C. 503, 505, 489 S.E.2d 661, 662 (Ct.App.1997).

Appellants' argument hinges on whether Wife's signature on the form constituted an effective rejection of an offer of UIM coverage. We find that it did not.

█ Section 38–77–350(B) requires the form be "properly completed and executed by the named insured." Here, Husband was the named insured and applicant. The trial court construed language in the policy defining "you" or "your" as the policy holder and that person's resident spouse to mean that Wife was a named insured. However, we find this policy language unavailing because, at the time Allstate made the offer of UIM coverage, no policy existed. The application is merely an offer; no contract arises until the offer is accepted and all conditions precedent are met. *Rickborn v. Liberty Life Ins. Co.,* 321 S.C. 291, 303, 468 S.E.2d 292, 299 (1996).

Therefore, our decision is controlled by the applicable statutory language rather than the terms of the policy.

For automobile insurance policies, South Carolina law defines "insured" as:

> the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies or the personal representative of any of the above.

S.C.Code Ann. § 38–77–30(7) (Supp.2000). Under this definition, Wife was an insured. However, section 38–77–350(B) requires the rejection of UIM coverage be made by a "named insured."

The goal of statutory construction is to ascertain and give effect to the legislature's intent. *Jackson v. Charleston County Sch. Dist.*, 316 S.C. 177, 180, 447 S.E.2d 859, 861 (1994). We determine legislative intent primarily through the plain language of the statute. *Stephen v. Avins Constr. Co.*, 324 S.C. 334, 339, 478 S.E.2d 74, 77 (Ct.App.1996). "In construing statutes, the terms used therein must be taken in their ordinary and popular meaning. When such terms are clear and unambiguous, there is no room for construction and courts are required to apply them according to their literal meaning." *Citizens for Lee County, Inc. v. Lee County*, 308 S.C. 23, 28, 416 S.E.2d 641, 644 (1992) (citation omitted). Chapter 77 repeatedly distinguishes between the terms "insured" and "named insured."[2] Therefore, we believe the legislature would not have used the term "named insured" if it intended that any insured under the policy be able to waive

---

2. *See, e.g.,* S.C.Code Ann §§ 38–77–30(7), (10), (10.5) (defining "insured," "nonpayment of premium," and "policy of automobile insurance" in terms of named insured), –120 (requiring notice be given to the named insured before cancellation or refusal to renew a policy), –123(A)(2)(h) (forbidding insurers from refusing to renew policy solely because named insured, a resident of the same household, or other customary operator has had two or fewer accidents), –123(B) (outlining when policy may be cancelled), –340 (allowing persons included under statutory definition of insured to be excluded from coverage if so provided by the terms of a written amendatory endorsement signed by the named insured and the person to be excluded).

UIM coverage. By the plain language of section 38–77–350(B), the form must be executed by the named insured to the exclusion of other mere insureds.[3]

Given the broad statutory definition of "insured," a construction allowing offers to and rejection by mere insureds would allow even permissive users to reject UIM coverage. *See* S.C.Code Ann. § 38–77–30(7); *Wright v. Allstate Ins. Co.,* 746 F.Supp. 612 (D.S.C.1990); *Cobb v. Benjamin,* 325 S.C. 573, 482 S.E.2d 589 (Ct.App.1997). This court must reject an interpretation of a statute leading to an absurd result not possibly intended by the legislature. *Hamm v. South Carolina Pub. Serv. Comm'n,* 287 S.C. 180, 181, 336 S.E.2d 470, 471 (1985). Moreover, requiring the form be executed by the named insured who is the applicant is consistent with the language in section 38–77–350(A) requiring the form be used "for all new applicants." Accordingly, we hold that the form offering UIM coverage on a new policy of automobile insurance must be completed by the named insured who is the applicant.[4]

Because the form was presented to and signed by a party unauthorized to reject UIM coverage, we find no offer was

---

**3.** The case of *Oncale v. Aetna Casualty & Surety Co.,* 417 So.2d 471 (La.Ct.App.1982), cited by Allstate to support treating a spouse as a named insured, is distinguishable because Louisiana only requires that the rejection be made by "any insured named in the policy." La.Rev. Stat. Ann. 22:1406(D)(1)(a) (Supp.2000). We find the following cases more instructive: *State Farm Mut. Auto. Ins. Co. v. Martin,* 292 Ala. 103, 289 So.2d 606 (1974) (holding that if right to reject belongs to named insured, rejection of coverage by spouse legally insufficient); *Frank v. Illinois Farmers Ins. Co.,* 336 N.W.2d 307 (Minn.1983) (finding mandatory offer of UIM coverage must be made to applicant, not applicant's spouse).

**4.** Although not argued in the appeal before us, we note that it may be possible for a spouse to reject UIM coverage if he or she does so as an agent authorized to act on the applicant's behalf. In such a case, the existence and scope of an agency relationship are questions of fact. *Holmes v. McKay,* 334 S.C. 433, 439, 513 S.E.2d 851, 854 (Ct.App. 1999). "The relationship of agency between a husband and wife is governed by the same rules which apply to other agencies. However, no presumption arises from the mere fact of the marital relationship that the husband is acting as agent for the wife." *Bankers Trust of South Carolina v. Bruce,* 283 S.C. 408, 423, 323 S.E.2d 523, 532 (Ct.App.1984) (citations omitted).

made as required by sections 38–77–160 and –350. Accordingly, we reverse and remand for reformation of the policy to include UIM coverage.

**REVERSED AND REMANDED.**

CURETON and HUFF, JJ., concur.