559 S.E.2d 360

**The STATE, Respondent,**

v.

**Paul A. RICE, Appellant.**

**No. 3431.**

Court of Appeals of South Carolina.

Heard Nov. 6, 2001.
Decided Dec. 20, 2001.
Rehearing Denied Feb. 22, 2002.

418

Glenn Walters, of Orangeburg, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan and Assistant Attorney General Tracey C. Green, both of State Grand Jury, all of Columbia, for respondent.

STILWELL, J.

Paul A. Rice appeals his convictions for trafficking in crack cocaine and conspiracy to traffic in crack cocaine, arguing his prosecution was barred by S.C.Code Annotated section 44–53–410 (1985). We affirm.

## BACKGROUND

A federal grand jury indicted Rice on charges that he possessed crack cocaine with the intent to distribute and that he conspired with others to do the same. After a district court dismissed the charges with prejudice for a violation of the Speedy Trial Act, the State Grand Jury indicted him on these charges which evolve from the same facts as the federal indictments.[1] A jury convicted Rice as charged and he was sentenced to two concurrent twenty-five year terms.

## DISCUSSION

Rice argues that under section 44–53–410, the dismissal of his federal charges barred his prosecution in state court.

---

1. Earlier state charges stemming from the same alleged conduct were nolle prossed at the onset of the federal prosecution.

Although he did not raise this issue in the trial court he asserts we may address it because it involves subject matter jurisdiction. *See Brown v. State,* 343 S.C. 342, 346, 540 S.E.2d 846, 848–49 (2001) (issues related to subject matter jurisdiction may be raised at any time, including for the first time on appeal). We conclude the statute in question does not involve subject matter jurisdiction and thus Rice's issue is not preserved for our review.

Section 44–53–410 is entitled "Prosecution in another jurisdiction shall be bar to prosecution" and provides:

If a violation of this article is a violation of a Federal law or the law of another state, the conviction or acquittal under Federal law or the law of another state for the same act is a bar to prosecution in this State.

S.C.Code Ann. § 44–53–410 (1985).

■ This court has previously jointly analyzed claims based on this statute and double jeopardy, finding the issues "closely intertwined." *State v. Harris,* 342 S.C. 191, 198, 535 S.E.2d 652, 655 (Ct.App.2000). However, the precise issue Rice now raises was not addressed in *Harris.* A claim of double jeopardy is not a question of subject matter jurisdiction and thus may not be raised for the first time on appeal. *See Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001,* 322 S.C. 127, 132, 470 S.E.2d 373, 376 (1996) (double jeopardy claim may not be raised for the first time on appeal). Therefore we must decide whether an alleged violation of section 44–53–410 involves subject matter jurisdiction even though a double jeopardy claim does not.

■ Essentially, section 44–53–410 extends protection against double jeopardy beyond the minimum constitutional requirements by barring the prosecution of a person under the narcotics and controlled substances statutes of this state when the person has been convicted or acquitted in federal court or the courts of another state of a violation based on the same conduct.[2] Section 44–53–410 provides that a person's conviction or acquittal under federal law or the law of another state

---

**2.** Under the dual sovereignty doctrine, successive prosecution of the same conduct by separate sovereigns is not a violation of the federal constitutional prohibition against double jeopardy. *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).

"is a bar to *prosecution* in this State." § 44–53–410 (emphasis added). The statute's plain language indicates the legislature's intent to simply limit the State's right to prosecute in such circumstances. *Allstate Ins. Co. v. Estate of Hancock,* 345 S.C. 81, 86, 545 S.E.2d 845, 847 (Ct.App.2001) (legislative intent is primarily determined by reference to the plain language of the statute). The legislature could have expressly circumscribed the jurisdiction of trial courts in such cases, but it did not do so. We therefore conclude section 44–53–410 is a limitation on the prosecutorial rights of the executive branch and not on the authority of the judicial branch. Because Rice raises this argument for the first time on appeal, and because it does not involve a question of subject matter jurisdiction, it is not preserved for our review. *State v. Johnson,* 324 S.C. 38, 41, 476 S.E.2d 681, 682 (1996) (issues not raised to the trial court are not preserved for appellate review). Accordingly, Rice's convictions for trafficking in crack cocaine and conspiracy to traffic in crack cocaine are

**AFFIRMED.**

CURETON and SHULER, JJ., concur.