**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NATIONWIDE MUTUAL INSURANCE
COMPANY,

*Plaintiff-Appellee,*

v.

WILLIAM POWELL; DEBBIE POWELL,
*Defendants-Appellants.*

No. 03-2013

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-00-1303-4-23)

Submitted: March 5, 2004

Decided: April 6, 2004

Before WILKINS, Chief Judge, and TRAXLER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Stuart W. Snow, DUSENBURY, SNOW & MCGEE, P.A., Florence,
South Carolina, for Appellants. John R. Murphy, Adam J. Neil,
MURPHY & GRANTLAND, P.A., Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William Powell [William] and Debbie Powell [Debbie], married residents of South Carolina, appeal the district court's order entering judgment in favor of Nationwide Mutual Insurance Company [Nationwide] in its declaratory judgment action seeking a declaration that Nationwide made a meaningful offer of underinsured motorist coverage [UIM] to William, the named insured, and he rejected such coverage. In July 2003, the district court granted summary judgment in favor of Nationwide on the ground that William ratified his wife's rejection of UIM coverage. The Powells appealed and this Court reversed the entry of summary judgment, holding that ratification was not a viable theory in this case. *Nationwide Mutual Insurance Company v. Powell*, 292 F.3d 201 (4th Cir. 2002). The action was remanded for trial to determine whether a meaningful offer of UIM coverage was made to Debbie, acting as William's agent, and whether William rejected UIM coverage. The district court found Debbie acted as William's agent in the procurement of automobile insurance and through Debbie, William rejected the offer of UIM coverage. We affirm.

First, the Powells assert that the district court incorrectly predicted that the South Carolina Supreme Court would permit a named insured to receive an offer of underinsured motorist coverage through an agent. The determination of state law by the district court is reviewed by this Court de novo. *Liberty Mut. Ins. v. Triangle Indust., Inc.*, 957 F.2d 1153, 1157 (4th Cir. 1992) (*citing Salve Regina College v. Russell*, 499 U.S. 225). The district court relied on a South Carolina appellate court's statement in dicta that an offer of UIM coverage made to a person acting as the named insured's agent may constitute a meaningful offer of UIM coverage. *Allstate Ins. Co. v. Estate of Hancock*, 545 S.E.2d 845, 848 n.4 (S.C. Ct. App. 2001). We hold that the district court properly found that South Carolina allows an agent

to act on behalf of a principal and, when a meaningful offer of UIM coverage is made under South Carolina law to the agent of the named insured, that agent can accept or reject UIM coverage.

Next, the Powells contend that the district court clearly erred in its factual finding that Debbie acted with actual and apparent authority to reject UIM coverage for William. This Court reviews the district court's conclusions of law from a bench trial de novo, and its findings of facts for clear error. *Minyard Enter., Inc. v. Southeastern Chem. & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999); Fed. R. Civ. P. 52(a). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *In re Green*, 934 F.2d 568, 570 (4th Cir. 1991). We conclude that the district court did not clearly err in its factual finding that William authorized Debbie to obtain insurance for his vehicles, and Debbie had actual and apparent authority to act for William.

Finally, the Powells assert the district court erred in its denial of the motion for reconsideration, Fed. R. Civ. P. 59(e). A district court's decision on a motion to alter or amend the judgment under Rule 59(e) is reviewed for abuse of discretion. *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997). The proper grounds for reconsideration are limited. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). A motion to reconsider is not the proper vehicle to raise arguments that could have been raised prior to judgment. *Pacific Insurance Company v. American National Fire Insurance*, 148 F.3d 396, 403 (4th Cir. 1998). We find the district court did not abuse its discretion in denying the motion for reconsideration.

The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

*AFFIRMED*