FACTS

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Interest of Clinton P., a Minor Under the Age of Seventeen (17) Years, Respondent,
and,
In the Interest of Demetrius R., a Minor Under the Age of Seventeen (17) Years,
Respondent.
 
 
 

Appeal From Richland County
 H. Bruce Williams, Circuit Court Judge

Unpublished Opinion No. 2005-UP-220
Submitted March 1, 2005  Filed March 24, 2005

AFFIRMED

 
 
 
Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Appellant.
Karen Newell Fryar, of Columbia, for Respondents.
 
 
 

PER CURIAM:  The State appeals the dismissal of juvenile petitions purportedly charging Clinton P. and Demetrius R. with criminal sexual conduct (CSC) with a minor in the second degree.  We affirm.1
FACTUAL/PROCEDURAL BACKGROUND
On October 27, 2003, the State filed juvenile petitions against minors Clinton P. and Demetrius R. charging in pertinent part as follows:

[Clinton P.] did in June 2003 and while in the custody of DJJ . . . performed oral sex on [Demetrius R.], also 14 years of age.  On or about July 17, 2003, while in his bedroom, [Clinton P.] did masturbate [Demetrius R.]. . . . These being in violation of S.C. Code of Laws 16-3-653 Criminal Sexual Conduct with a Minor, 2nd Degree and Common Law Assault and Battery of a High and Aggravated Nature. . . .
[Demetrius R.] did in June 2003 and while in the custody of DJJ . . . performed oral sex on [Clinton P.], also 14 years of age.  On or about July 17, 2003, while in his bedroom, [Demetrius R.] did masturbate [Clinton P.]. . . . These being in violation of S.C. Code of Laws 16-3-653 Criminal Sexual Conduct with a Minor, 2nd Degree and Common Law Assault and Battery of a High and Aggravated Nature. . . .

The petition titles indicated a birth date of October 23, 1988 for Clinton P. on his juvenile petition and a birth date of February 7, 1989 for Demetrius R. on his juvenile petition.  
On March 3, 2004, the petitions against both Clinton P. and Demetrius R. were brought before the family court.  At that time, the attorney for the two minors moved on behalf of both boys to dismiss the criminal sexual conduct charges.  She argued the petitions were deficient because they alleged that the minors were both fourteen years of age, and S.C. Code Ann. § 16-3-655(3) requires an actor be older than the victim for that element of the offense.  
The State agreed that the petitions were charging second degree CSC with a minor based on the age issue.  However, the State asserted that Clinton P. was older than Demetrius R. by three months, and therefore should be charged with the offense.  The State further argued that no person under the age of sixteen had the capacity to consent to any kind of sexual activity.  
After noting both boys were fourteen years of age, the family court judge granted the minors motion to dismiss.  The boys attorney also moved to dismiss the charge of assault and battery of a high and aggravated nature arguing there was no allegation of any kind of battery.  The State again argued the two were under legal age to consent.  The family court judge noted there was no allegation of any coercion, threat or force, and granted the motion to dismiss these charges as well.  
LAW/ANALYSIS
The only issue raised on appeal is whether the family court erred in summarily dismissing the juvenile petitions charging second degree criminal sexual conduct with a minor, where the facts alleged that the defendants, who were 14 years old, engaged in oral sex.2
South Carolina Code Ann § 16-3-655, the statute prohibiting CSC with minors, provides as follows:

(1) A person is guilty of criminal sexual conduct in the first degree if the actor engages in sexual battery with the victim who is less than eleven years of age.
(2) A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age.
(3) A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is at least fourteen years of age but who is less than sixteen years of age and the actor is in a position of familial, custodial, or official authority to coerce the victim to submit or is older than the victim.

S.C. Code Ann. § 16-3-655 (2003).
The State contends the family court improperly dismissed the juvenile petitions because the conduct set forth in the petitions constituted a violation of § 16-3-655(2).  It further asserts, notwithstanding the applicability of § 16-3-655(2), the petition against Clinton P. properly alleged conduct in violation of § 16-3-655(3) since the petitions showed Clinton P. was more than three months older than Demetrius R.  It is clear, however, that in argument before the family court, the State took the position that the juvenile indictments alleged CSC with a minor in the second degree pursuant to § 16-3-655(3), which requires either that the actor be older than the victim or the actor be in a position of familial, custodial, or official authority to coerce the victim.  It did not advance an argument that the conduct of the two minors fell under subsection (2) of the statute.  Because the State did not argue the allegations were sufficient under § 16-3-655(2), it cannot raise that argument for the first time on appeal.  See State v. Rice, 348 S.C. 417, 420, 559 S.E.2d 360, 362 (Ct. App. 2001) (holding an argument not raised to the trial court is not preserved for appellate review).  Additionally, while the individual petitions do contain the birth date of the minor charged, the petitions do not also contain the birth date of the alleged victim.  Thus, neither petition sets forth facts alleging that either actor is older than the victim.  To the contrary, each petition alleges that the actor and victim were both 14 years of age.  
At any rate, we find the petitions are fatally defective such that the family court properly dismissed them.  Our statutory law provides that [e]very indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the crime or so plainly that the nature of the offense charged may be easily understood and, if the offense be a statutory offense, that the offense be alleged to be contrary to the statute in such case made and provided.  S.C. Code Ann. § 17-19-20 (2003).  If an objection to the sufficiency of an indictment is timely made, the trial court should judge the sufficiency of the indictment by determining whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged.  State v. Gentry, Op. No. 25949 (S.C. Sup. Ct. filed March 7, 2005).  In determining whether an indictment meets the sufficiency standard, the court must look at the indictment with a practical eye in view of all the surrounding circumstances.  Id.  The requirement that a criminal defendant receive sufficient notice of the charges against him to enable him to prepare a defense applies in juvenile matters.  In re Corey B., 291 S.C. 108, 109, 352 S.E.2d 470, 470 (1987).  
Here, the petitions themselves do not delineate which subsection it is relying on under § 16-3-655 in charging CSC with a minor in the second degree, nor indicate the State is even relying on § 16-3-655.  Rather, the petitions, while stating the juveniles are charged with the offense of CSC with a minor in the second degree, both erroneously allege the juveniles conduct is a violation of S.C. Code Ann. § 16-3-653, which provides, A person is guilty of criminal sexual conduct in the second degree if the actor uses aggravated coercion to accomplish sexual battery.  S.C. Code Ann. § 16-3-653(1) (2003).  Section 16-3-653 does not deal with CSC with a minor and the petitions do not allege any facts of aggravated coercion required under § 16-3-653.  Because the petitions specify a violation of § 16-3-653, which is the crime of second degree CSC that involves aggravated force and has no age element, but designate the offense for both Clinton P. and Demetrius R. as CSC with a minor in the second degree, we hold the petitions failed to apprise Clinton P. and Demetrius R. the elements of the offense intended to be charged and therefore failed to provide sufficient notice of the charges against the juveniles.  Accordingly, the family court properly dismissed the petitions.
For the foregoing reasons, the order below is
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

1 We decide this case without oral argument pursuant to Rule 215, SCACR.
2 The State does not include in its issues on appeal a challenge to the family courts dismissal of the assault and battery of a high and aggravated nature (ABHAN) charges.  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003); Rule 208(b)(1)(B), SCACR (no point will be considered which is not set forth in the statement of issues on appeal).  Further, the State only devotes one statement to the ABHAN charges in its brief asserting that they should not have been dismissed because a minor under the age of sixteen is not capable of voluntarily consenting to a sexual battery.  This argument is so conclusory as to amount to an abandonment of the issue on appeal.  See State v. Jones, 344 S.C. 48, 58-59, 543 S.E.2d 541, 546 (2001) (finding argument was so conclusory it was abandoned on appeal).  Finally, the State does not challenge the family court judges ruling based on his finding that the petitions failed to allege any aggravating circumstance.  See State v. Primus, 349 S.C. 576, 580, 564 S.E.2d 103, 105 (2002) (ABHAN is an unlawful act of violent injury accompanied by circumstances of aggravation; circumstances of aggravation is an element of ABHAN).