**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Douglas Earl Stiltner and Christine Rene Stiltner,
Appellants,

v.

USAA Casualty Insurance Company, Respondent.

Appellate Case No. 2012-212493

———

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———

Unpublished Opinion No. 2014-UP-084
Heard December 10, 2013 – Filed March 5, 2014

———

**AFFIRMED**

———

John S. Nichols and Blake Alexander Hewitt, both of
Bluestein, Nichols, Thompson & Delgado, LLC, of
Columbia, for Appellants.

J.R. Murphy and Ashley Berry Stratton, both of Murphy
& Grantland, P.A., of Columbia, for Respondent.

———

**PER CURIAM:** This appeal follows a bench trial in a declaratory judgment
action involving automobile insurance coverage. On appeal, Douglas Stiltner and

Christine Rene Stiltner argue the circuit court erred by finding Mr. Stiltner (1) authorized Mrs. Stiltner to reject USAA's meaningful offer of Underinsured Motorist Coverage (UIM)[1] and (2) ratified Mrs. Stiltner's rejection of USAA's meaningful offer of UIM.  Evidence in the record supports the circuit court's finding that Mrs. Stiltner acted within the scope of authority given to her by Mr. Stiltner when she signed the UIM rejection forms.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Frazier v. Smallseed*, 384 S.C. 56, 61, 682 S.E.2d 8, 11 (Ct. App. 2009) ("In an action at law tried by a judge without a jury, the appellate court will correct any error of law, but it must affirm the trial court's factual findings unless no evidence reasonably supports those findings."); *Bankers Trust of S.C. v. Bruce*, 283 S.C. 408, 423, 323 S.E.2d 523, 532 (Ct. App. 1984) ("The relationship of agency between a husband and wife is governed by the same rules which apply to other agencies."); *Allstate Ins. Co. v. Estate of Hancock*, 345 S.C. 81, 87 n.4, 545 S.E.2d 845, 848 n.4 (Ct. App. 2001) (noting "that it may be possible for a spouse to reject UIM coverage if he or she does so as an agent authorized to act on the applicant's behalf"); *id.* ("In such a case, the existence and scope of an agency relationship are questions of fact."); *ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche*, 327 S.C. 238, 242, 489 S.E.2d 470, 472 (1997) ("[T]he authorized acts of an agent are the acts of the principal.").[2]

---

[1]  In support of their first issue on appeal, the Stiltners assert that the circuit court erred by characterizing Mrs. Stiltner's authority as implied authority.  The Stiltners contend any authority Mrs. Stiltner had was express.  The issue before the circuit court was whether Mrs. Stiltner acted within the *scope* of her authority. Accordingly, any error on the label of the authority or agency did not affect the finding that Mrs. Stiltner was acting within the scope of authority given to her by Mr. Stiltner when she signed the UIM rejection forms.  *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct. App. 2009) (noting this court "will not set aside judgments due to insubstantial errors not affecting the result").

[2]  Because we affirm the circuit court's finding that Mr. Stiltner authorized Mrs. Stiltner to sign the UIM rejection forms, we need not address whether the circuit court erred by finding Mr. Stiltner ratified Mrs. Stiltner's rejection of UIM coverage.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive).

**AFFIRMED.**

**PIEPER, KONDUROS, and LOCKEMY, JJ., concur.**